LINCOLN BUILDING AND SAVING ASSOCIATION, APPELLEE,
v. JOHN E. HASS AND OTHERS, APPELLANTS.

1. **Mortgage:** EQUITABLE TITLE: SUBSEQUENT PURCHASER. A mortgage purporting to convey a fee simple title to real estate, the mortgagor having the equitable title only, is effective to pass such equity, and when duly recorded is notice to a subsequent purchaser from the mortgagor and to his grantees of the mortgagee's interest in the premises mortgaged.

2. ———: LIEN. The lien of such mortgage is not defeated by such subsequent purchaser procuring from the holder thereof, by quit-claim deed, a voluntary conveyance of the legal title to himself.

3. ———: RECORD: NUMERICAL INDEX: MISTAKE. A mistake of the county clerk in entering a description of mortgaged premises on the numerical index, the mortgage being in all other particulars properly recorded and indexed, will not vitiate the record as to subsequent purchasers.

APPEAL by defendant Hass from a decree of foreclosure rendered in the district court of Lancaster county. The facts are sufficiently stated in the opinion.

*Burr & Kelly*, for appellant Hass, cited Gen. Stat., 875, sec. 15. Id., 248 and 249, secs. 1 to 7. *Edminster v. Higgins*, 6 Neb., 269. *Metz v. The State Bank*, 7 Neb., 171. *Gilbert v. Jess*, 31 Wis., 110. *Intern'l Life Ins. Co. v. Scales*, 27 Ia., 640. *Pringle v. Dunn*, 37 Wis., p. 449, and cases there cited. *Hamilton v. Doolittle*, 37 Ill., 483. *Morgan v. Clayton*, 59 Ia., 40, and cases cited. Kerr on Fraud and Mistake, pp. 312, 313, and 316, and cases cited. 1 Story's Equity Jur., section 409. *Deroin v. Jennings*, 4 Neb., 100.

*Harwood & Ames*, for Appellee, cited Jones on Mortgages, sec. 679, 682, 825, 1483, 1656, 1771. *Crane v. Turner*, 7 Hun, 357. *Waring v. Smythe*, 2 Barb. Ch.,

119. *Jackson v. Malin*, 15 Johns., 297. *Caldwell v. Sigourney*, 19 Conn., 48. *Walker v. Lincoln*, 45 Me., 67. *McConnell v. Reed*, 5 Ills., 117. *Staffel v. Shroeder*, 62 Mo., 147. *Mainwarring v. Terry*, 39 Texas, 67. *Carter v. Wise*, 39 Texas, 273.

LAKE, J.

None of the testimony taken by the referee being in the record, his report of facts cannot be questioned, but must be treated by us as fully supported by the evidence. Besides the existence of the plaintiff as a corporation under the laws of this state, the material facts thus established are the following, viz.: That the defendant William Chapin, being the owner in fee simple of the land in controversy, for a valuable consideration undertook to convey it to the defendant William F. Chapin, but by mistake in the description this land was altogether omitted, and other land to which the grantor had no title covered by the deed. That afterwards, on the 20th of June, 1874, William F. Chapin, in due form mortgaged the land so intended to be conveyed to the plaintiff, and on December 15th, 1875, conveyed the same by warranty deed to the defendant, Burr, who took it, however, with actual notice of the existence of said mortgage as an incumbrance thereon. Burr afterwards sold, and by warranty deed formally conveyed the land to the defendant Hass, who had no *actual* notice of the mortgage. The consideration paid by Hass was eight hundred dollars, which appears to have been the fair value of the land at that time. It also appears that on the 13th of March, 1877, Burr procured from William Chapin to himself, a quit-claim deed, in which the premises were described correctly. These several instruments were duly recorded in the order of their execution.

From these findings of the referee it is established that from the beginning of these several transactions, and up to the execution of the quit-claim deed, the legal title to the land was in William Chapin, and that his immediate grantee, and all of the other defendants were dealing with a mere equity. When William F. Chapin executed said mortgage to the plaintiff, and the deed to Burr, and also when Burr deeded to Hass, there was nothing of record by which either of them could trace any title from the government to himself. But notwithstanding this want of record evidence of title in himself, William F. Chapin, by the deed he received from William Chapin, became the equitable owner of the land, and was in a situation to demand and compel such a conveyance as they had agreed should be made. And this equitable interest was one which he could encumber by mortgage, or convey by deed, as it is shown he did.

When Hass took the conveyance from Burr the county records failed to show in the latter any interest in the land on which it could with certainty operate. There was, to be sure, the record of a formal deed to Burr from William F. Chapin, who might or might not have had an interest therein which he could thus dispose of. Whatever interest he did have, Burr of course had taken, but nothing more. It happened that he did have the equitable title as before stated, but the records disclosed the fact, of which Hass was bound to take notice, that this had been mortgaged to the plaintiff long before the execution of the deed to Burr, and that therefore the latter had taken, and could convey an encumbered interest only.

But did Hass, as his counsel contends, derive any advantage over the plaintiff from the quit-claim deed afterwards procured by Burr to himself? We think not. We are of opinion that their respective equities

were fixed at the time Hass made his purchase of the land, and were not in the least degree changed by what Burr subsequently did.

William Chapin, after his first but erroneous conveyance, ceased in fact to be the owner of the land, or to have any personal interest in it. He was simply the holder of the naked legal title in trust for the equitable owner, whoever he might be, and his quit-claim deed was effective only to convey it to Burr, and by force of Burr's previous warranty to Hass, over to him. Hass, as we have shown, did not purchase the land on the strength of this deed, nor of any right which he expected to obtain from William Chapin, but on the strength of such title as Burr had received from William F. Chapin, backed by their several covenants of warranty.

Our conclusion that the effect of this quit-claim deed was only to pass the naked legal title, and changed no equities of the parties, is supported by the following, and many other authorities: *Allen v. Holton*, 20 Pick., 458. *Coe v. Persons unknown*, 43 Me., 432. *Walker v. Lincoln*, 45 Id., 67. *Doe v. Reed*, 5 Ill., 117. *Caldwell v. Sigourney*, 19 Conn., 48. *Stoffel v. Schroeder*, 62 Mo., 147.

There is one other objection made to this mortgage deserving notice. In entering it upon the numerical index there was an error in the description of the premises covered by it. On this point the finding of the referee is: "That said mortgage to plaintiff was in the first instance placed upon the numerical index in the clerk's office of said county as covering the lands described in the deed of William Chapin to William F. Chapin, and was so placed at the time of the said conveyance to Carlos C. Burr, and of the latter to the said defendant John E. Hass, but was, at some time subsequent thereto, changed thereon to

cover the lands intended to be conveyed by said deed," etc.

This was a mistake of the clerk, to which it does not appear from the finding of the referee that the plaintiff in any respect contributed. Nor does it appear that Hass was at all prejudiced by it, therefore he is not in a situation to complain. He had in the record of the mortgage, which was correct, and the general index directing him to it, notwithstanding this error, the notice contemplated by the recording act, of which he was bound to take notice at his peril.

We think the equities of the case are clearly with the plaintiff, and the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.