FRED DREXEL ET AL. V. JAMES RICHARDS, IMPLEADED WITH ROLLIN L. DOWNING ET AL., APPELLANTS, AND KENNARD GLASS & PAINT COMPANY ET AL., APPELLEES.

FILED JUNE 2, 1896. No. 6708.

1. **Mechanics' Liens: AFFIDAVIT: DESCRIPTION OF LAND.** Section 2, chapter 54, Compiled Statutes, construed, and *held* that the description of the real estate on which materials furnished by a subcontractor have been used in erecting an improvement is a necessary part of the affidavit required to be filed by such subcontractor in order to entitle him to a lien. *Holmes v. Hutchins*, 38 Neb., 601, followed.

Drexel v. Richards.

2. ——: ——: ——. The purpose of said statute, in requiring a subcontractor, claiming a mechanic's lien, to file in the office of the register of deeds an affidavit stating the amount due him from the contractor, with a description of the real estate of the owner, is twofold: (a) To advise the owner what amount the subcontractor claims is due him for labor or material furnished a contractor towards the erection of an improvement upon the owner's real estate, and thus enable the latter to protect himself and property in making a settlement with the contractor; (b) that the public by an examination of the records may be able to learn on what precise property the mechanic's lien is claimed.

3. ——: ——: ——. Such statute requires that in the affidavit filed to procure the lien there should be such a description of the real estate as, aided by extrinsic evidence suggested by the description itself, would charge a party dealing with the real estate with notice of the lien claimed against it.

4. ——: ——: ——. In the affidavit filed by a subcontractor claiming a lien under said statute the real estate of the owner was described as the "Bartlett & Downing block in Kearney, Buffalo county, Nebraska." The correct description of the real estate was "Lot 388, in the town of Kearney, Nebraska." *Held*, That said description alone would not charge a party dealing with said lot 388 with notice that the lien was claimed against it.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

*Calkins & Pratt*, for appellants.

*B. G. Burbank*, contra.

*Kennedy & Learned*, also for appellees:

The description of the lien is sufficient. (*Seaton v. Hixon*, 35 Kan., 663; *Caldwell v. Asbury*, 29 Ind., 451; *Tibbetts v. Moore*, 23 Cal., 208; *Odd Fellows' Hall v. Masser*, 24 Pa. St., 510; *Brown v. La Crosse Gas Light & Coke Co.*, 16 Wis., 578; *De Witt v. Smith*, 63 Mo., 263; *Knabb's Appeal*, 10 Pa. St., 186; *Shaw v. Barnes*, 5 Pa. St., 18; *Tredinnick v. Red Cloud Mining Co.*, 72 Cal., 78.)

The statute does not require the description of the premises to be a part of the affidavit. (*Lyon v. Logan*, 68 Tex., 521.)

RAGAN, C.

Rollin L. Downing and John G. Bartlett owned lot 388 and the west forty feet of lot 387 in the original town of Kearney Junction, Buffalo county, and contracted with Richards & Co. to furnish the material and labor and erect on said real estate a three-story brick and stone building. This suit was brought by Fred Drexel and others to the district court of Buffalo county to have established and foreclosed a lien against said real estate for material furnished by them to Richards & Co., and by the latter used in constructing said building on said real estate for Downing and Bartlett. Richards & Co. and a number of other persons were made defendants to this action. Of the parties made defendants the Bohn Sash & Door Company and the Kennard Glass & Paint Company filed cross-petitions, each claiming liens upon the real estate of Downing and Bartlett for material which they had furnished to Richards & Co. and which had been used by them in the construction of the building for Bartlett and Downing. The Sash & Door Company and the Kennard Glass & Paint Company had decrees as prayed, and this proceeding is an appeal by Downing and Bartlett from those decrees.

The Kennard Glass & Paint Company claimed and was awarded a lien on the premises of Downing and Bartlett for $779.30 and interest, for glass furnished by it to Richards & Co. and used by the latter in constructing the building on said real estate. The last item of glass was furnished by the Kennard Glass & Paint Company to Richards & Co. on the 16th of January, 1891, and on the 17th of March, 1891, in Douglas county, Nebraska, the agent of the Kennard Glass & Paint Company made out in writing a statement of the glass so furnished Richards & Co. and made oath to the same before a notary public. The statement and oath were as follows:

"OMAHA, NEBR., Mar. 17, 1891.
"RICHARDS & Co., ESQ.,
             "To KENNARD GLASS & PAINT COMPANY.
                                        Dr.      Cr.
"Glass for the Bartlett & Downing block,
      Kearney, Buffalo county, Nebr...... $779 30
                       "OMAHA, NEBR., Mar. 17, 1891.
"STATE OF NEBRASKA, ⎫ ss.
  DOUGLAS COUNTY.    ⎭

"F. B. Kennard, a member of the firm of the Kennard
Glass & Paint Company, being first duly sworn, on his
oath says: That the foregoing itemized account of  *  *
materials  *  *  * furnished  *  *  * for the said
Richards & Co. for the erection of a building on ———;
and this affiant further says that he has and hereby
claims a lien on the said premises," etc.

It will be observed that in the affidavit attached to this
statement there was no description of the premises upon
which the glass furnished Richards & Co. was used.   The
Kennard Glass & Paint Company forwarded this state-
ment and affidavit by mail to the register of deeds of
Buffalo county, and requested him, by letter, to ascertain
the correct description of the real estate of Downing and
Bartlett's on which Richards & Co. had erected the build-
ing for which they, the Kennard Glass & Paint Company,
had furnished the glass, insert such description in such
affidavit, and file the same in his office.   This the register
of deeds did on the 18th of March, 1891, or within sixty
days of the date on which the Kennard Glass & Paint
Company furnished to Richards & Co. the last item of
glass for which they claimed a lien.   By section 2, chap-
ter 54, Compiled Statutes of 1895, it is provided, in sub-
stance, that if any person shall furnish any material to a
contractor, who is engaged in the erection of an improve-
ment on real estate, in pursuance of a contract with the
owner thereof, and such material shall be used by said
contractor in the erection of such improvement, then the
party so furnishing such material to such contractor,

may have a lien upon such real estate for the amount due him for such material, if within sixty days from the date of furnishing such material he files, with the register of deeds of the county in which said real estate is situate, a sworn statement of the amount due him from such contractor for the material so furnished," together with a description of the land upon which the same [materials] were    *    *    *    used."

The first question presented here is whether the description of the real estate, on which materials furnished by a subcontractor to a contractor have been used in erecting an improvement, is a necessary part of the affidavit required to be filed by the subcontractor in order to entitle him to a lien under the statute. This question must be answered in the affirmative. In *Holmes v. Hutchins*, 38 Neb., 601, it was held: "One who claims the benefits of the mechanics' lien law must show a substantial compliance with each essential requirement thereof, one of which is that the sworn statement to be filed shall contain a description of the land upon which the labor was done or material was furnished for the purpose contemplated by such law." The rule announced in this case was followed and reaffirmed in *Bell v. Bosche*, 41 Neb., 853, and it was there declared that said rule held good as well in favor of one who was the owner of the land at the time the improvements were erected as in favor of a subsequent purchaser of the real estate. The insertion by the register of deeds of the description of Downing and Bartlett's real estate in the affidavit sent him by the Kennard Glass & Paint Company was not a compliance with said section 2, chapter 54, Compiled Statutes, 1895, on the part of the Kennard Glass & Paint Company. The affidavit made by the Kennard Glass & Paint Company did not contain a description of Downing and Bartlett's real estate, and was, therefore, ineffective, even though filed with the register of deeds, to invest them with a lien against such real estate. The act of the register of deeds in inserting the description of the real

estate, though done at the request of the Kennard Glass & Paint Company, could not supply the oath of the lien claimant required by the statute. The claim of the Kennard Glass & Paint Company for a lien then fails if it depends upon the description of the real estate of Downing and Bartlett inserted in the affidavit by the register of deeds.

It is to be observed that the affidavit made by the Kennard Glass & Paint Company in Douglas county was attached to a statement or itemized account made out by them against Richards & Co. for the materials furnished by the Glass & Paint Company to Richards & Co. and used by the latter in the erection of Downing and Bartlett's building. This itemized statement was attached to and was a part of the affidavit filed by the Glass Company to obtain the lien sought to be established in this proceeding. The statement was as follows:

"OMAHA, NEBR., Mar. 17, 1891.
"RICHARDS & CO., ESQ.,
        "To KENNARD GLASS & PAINT COMPANY, Dr.
"Glass for the Downing & Bartlett block, Kearney, Buffalo county, Nebraska............$779.30."

The appellees now insist that, conceding that a description of the owner's real estate is a material part of the affidavit that must be made and filed by one to secure a lien for labor or material furnished a contractor, still the description on the itemized account, namely, "For the Bartlett & Downing block, Kearney, Buffalo county, Nebraska," satisfies the statute. The reported cases where the question has been considered disclose a variety of opinions as to what constitutes a sufficient description of real estate in an affidavit filed to obtain a mechanic's lien thereon.

In *Caldwell v. Asbury*, 29 Ind., 451, the description in the affidavit was: "House and lot on the southwest corner of Fourth and Oak streets, in Terre Haute, Indiana." The court said that this description was capable of being reduced to a certainty, and applying the rule "that is

certain which may be made certain," the court held the description sufficient to sustain the lien.

In *Tibbetts v. Moore*, 23 Cal., 208, the description was: "A quartz mill, being at or near the town of Scottsville, in Amador county, known as 'Moore's New Quartz Mill.'" The court held that as there was no evidence that there was any other "quartz mill" at the place named, the description was sufficient.

In *Brown v. La Crosse City Gas Light & Coke Co.*, 16 Wis., 578, the description was: "The several buildings known as the Gas Works of the La Crosse City Gas Light & Coke Company, situated on lots numbers 8, 9, etc., in block 14." As a matter of fact the buildings were situate on other lots, but the court held that the description was sufficient to pass the title of the real estate upon which the works were situate, and, therefore, sufficient to sustain the mechanic's lien.

In *De Witt v. Smith*, 63 Mo.; 263, the description in the affidavit was, "Three-story brick building on lots 19 and 20, block number 2," whereas the correct description was "lots 19 and 20, in block 20." The court held that as the evidence showed that the owner had no other three-story building or other building for which material was furnished by the lien claimant, and that he owned no other lots than those in block 20, the description was sufficient to uphold the mechanic's lien.

In *Hotaling v. Cronise*, 2 Cal., 60, the description of the property in the affidavit for lien was: "A wharf situated on Battery street, between Pacific and Jackson streets, in San Francisco." The court contented itself by saying that it thought the description of the property sufficiently certain.

In *Matlack v. Lare*, 32 Mo., 262, the property was described in the affidavit for the lien as: "Two three-story brick houses on the east side of Fifth street, between Franklin avenue and Morgan street." Speaking of this description the court said: "To enforce a judgment upon a mechanic's lien, the law requires that the execution

shall be a special *fieri facias,*—such an execution issued upon this judgment would fail to disclose to the officer the property to be sold. He certainly could not identify the property by the description in the *fieri facias.*" The description was held too indefinite and defective to support a lien.

In *Rose v. Persse & Brooks Paper Works,* 29 Conn., 256, the description in the affidavit filed for the lien was: "Two tracts of land situated in the town of W, one bounded [&c] with two paper mills thereon; and the other bounded [&c] with one paper mill thereon." The court held that the affidavit filed for a lien was void as not containing a reasonably accurate description of the premises.

In *Lindley v. Cross,* 31 Ind., 106, the property was described in the affidavit for the lien as lots 6 and 7. The true description was lots 3 and 4. The mechanic's lien claimant alleged the misdescription of the property; that the ownership of the property remained unchanged; that no third person had acquired any rights in the property since the furnishing of the material for which a lien was claimed; that the materials furnished were the only ones of the kind ever furnished the lot-owner by the lien claimant, and prayed for a reformation of the lien and a decree foreclosing it. The court held that the description was wholly insufficient on which to base a lien and that the court had no power to reform it.

A statute of Missouri provided that one who had furnished labor or material for the erection of an improvement upon real estate might have a lien on the building and the land on which the same was situate,—if in the country, to the extent of an acre; if in a town, on the lot on which the building was located. In *Williams v. Porter,* 51 Mo., 441, the description of the real estate in the affidavit filed for a lien under this statute was: "On the northwest quarter of the southeast quarter of section 11, township 35, range 31, in the county of Vernon, in the state of Missouri." The court said: "The object in filing the lien is to give notice what land or

property is covered by it. And, therefore, the acre of ground must be identified by a true description, or so near a true description as to identify it. There is nothing in this description to show on what part of the land the house in question is located, nor any attempt to describe the acre of land intended to be covered by the lien. There being no proper description, no lien was created."

In *Munger v. Green*, 20 Ind., 38, the description of the land in the affidavit for a lien was: "One acre, more or less, lying north of, and adjoining the northwest corner of, Sixby's Addition to the village of Van Buren, in the county of La Grange, and state of Indiana, * * * conveyed to said Green by one Erastus Bartle." The court held that this description was void for uncertainty.

In *Knox v. Starks*, 4 Minn., 7, it was held: "When a party seeks to enforce a lien under the mechanics' lien law of 1855, he must describe the land with sufficient accuracy to enable the court to decree the sale, and the purchaser to find the land under such description. As much certainty is required as in a conveyance."

In *Montgomery Iron Works v. Dorman*, 78 Ala., 218, it was held: "The same certainty of description is requisite in the claim [for a mechanic's lien] as in the levy of an execution, so that the court may be informed what particular land to order sold, and the purchaser may be able to locate it."

Said section 2, chapter 54, of our mechanics' lien statute requires the claimant of the lien to set out in his affidavit filed therefor "a description of the land," etc. This same statute requires the claim for a lien to be filed in the office of the register of deeds of the county where the land is situate on which the improvements were made. The register of deeds is also required by the statute to keep a mechanics' lien record, in which he is required to record all claims filed for mechanics' liens. He is also required to index the mechanic's lien record. The register of deeds is further required by the statute to keep in his

office a numerical index, and he is required to keep this numerical index in such a manner that one, examining the title of real estate, may see at a glance the name of the grantee, the grantor, the kind of an instrument filed affecting real estate, the description of the real estate affected by the instrument filed, and the book and page where such instrument is recorded. Mechanics' liens are also required to be entered upon this numerical index immediately after they are filed.

We think it self-evident that the object of the legislature in requiring a subcontractor claiming a mechanic's lien to file in the office of the register of deeds an affidavit stating the amount remaining due him from the contractor, with a description of the premises of the owner, was two-fold: First, to advise the owner what the laborer or material-man claimed was due him from the contractor for labor or material furnished towards the improvement upon his, the owner's, real estate, and thus enable the owner to protect himself and his property in making a settlement with his contractor. Second, to advise persons dealing with this real estate of the mechanic's lien claim existing against it. And we think that section 2 of said chapter 54 contemplates such a description of the real estate in the affidavit filed to procure the lien as would charge a party dealing with it with notice that a lien was claimed against it, when aided by the extrinsic evidence suggested by the description itself. As already stated, the correct description of the property in controversy was lot 388, in the city of Kearney. Now, can it be said that an intending purchaser of said lot 388, examining the records of Buffalo county and seeing on the numerical index of the mechanics' lien record, or both of them, the statement that the Kennard Glass & Paint Company claimed a lien against the "Bartlett & Downing block, in Kearney, Buffalo county, Nebraska," would have been charged with notice of the fact, that said lot 388 was the same as the Bartlett & Downing block? We think not. The very object of the statute in

requiring the claimant of a mechanic's lien to set out in the affidavit therefor a description of the real estate on which he claims a lien was that the public by an examination of the record might be able to learn on what precise property the lien was claimed. (*Rose v. Persse Brooks Paper Works, supra.*)

Mechanics' liens are creatures of the statute, and while this court has uniformly given the mechanics' lien statutes a liberal construction, they should not be so construed as to exonerate lien claimants from a substantial compliance with the plain provisions of the law; nor should they be so construed as to put a premium upon negligence. In *Ely v. Wren*, 90 Pa. St., 148, it was said: "When a special security and remedy are given to a favored class of creditors, they must conform with reasonable accuracy to the provisions of the law designed for their benefit; * * * property against which the lien is given must be so accurately described that when judgment is obtained on the *scire facias* a separate schedule will not be required to be annexed to the *levari facias* for the guidance of the sheriff." In the record before us there is no evidence that said lot 388 was ever mentioned or designated on any plat or record as Bartlett & Downing's block; nor is there any evidence in the record whatever that the lot and the building thereon were commonly or generally known and designated as Bartlett & Downing's block. We think the finding and decree of the learned district court—that the recital, "Glass for the Downing & Bartlett block, Kearney, Buffalo county, Nebraska," on the itemized account attached to the affidavit filed by the Glass & Paint Company to procure the lien, was of itself a sufficient description of the premises on which the lien was claimed, within the meaning of the mechanics' lien statute—was wrong. We are of opinion that a person dealing with said lot 388 and seeing this recital on the public records would not be bound to know that the Bartlett & Downing block against which the mechanic's lien was claimed was identical with said lot

388, and, therefore, that the description of the property on which the lien was claimed was void for uncertainty. The decree in favor of the Kennard Glass & Paint Company is reversed and its cross-petition dismissed.

The argument relied upon here to secure a reversal of the decree in favor of the Bohn Sash & Door Company is directed to the one proposition that the evidence does not sustain the decree. It would subserve no useful purpose to quote this evidence or any part of it, and it must suffice to say that after a careful examination of all the evidence we think it sustains the finding and decree of the district court. The decree in favor of the Bohn Sash & Door Company is therefore affirmed.

JUDGMENT ACCORDINGLY.