FRED DREXEL ET AL. V. JAMES RICHARDS, IMPLEADED WITH ROLLIN L. DOWNING ET AL., APPELLANTS, AND KENNARD GLASS & PAINT COMPANY ET AL., APPELLEES.

FILED FEBRUARY 3, 1897.   No. 6708.

1. **Mechanics' Liens:** STATEMENT: DESCRIPTION. The sworn statement of a subcontractor for a mechanic's lien must contain a description of the premises on which the improvement was erected.

2. ——: ——: ——. Such a description is not insufficient if it renders the location of the property susceptible of ready ascertainment by the aid of extrinsic evidence.

3. ——: ——: ——. The account of the items for the materials furnished and labor performed by a contractor or subcontractor, and for which a lien is claimed, and the affidavit thereto attached should be construed together, and if when thus construed they substantially comply with the statute it is sufficient.

4. ——: ——: ——. A description of property in a statement for a mechanic's lien as the "Bartlett & Downing Block, Kearney, Buffalo county, Neb.," is a sufficient description of the premises, especially when there are no rights of third parties to be affected by the lien.

REHEARING of case reported in 48 Neb., 732. *Decree below affirmed.*

*Calkins & Pratt,* for appellants.

*B. G. Burbank, Kennedy & Learned,* and *Marston & Nevius, contra.*

NORVAL, J.

This is a rehearing of the case reported in 48 Neb., 732. From a decree foreclosing certain mechanics' liens the defendants Bartlett & Downing appealed. On the former hearing the decree, in so far as it awarded the Kennard Glass & Paint Company a lien, was reversed because of an insufficient description of the premises, and in all other respects the decree of the trial court was

affirmed. The following propositions were laid down in the opinion heretofore filed:

1. A sworn statement for a mechanic's lien by a sub-contractor must describe the land on which the materials furnished by him have been used in making the improvement.

2. Such description, to be sufficient, must be such as, aided by extrinsic evidence suggested by the description itself, would charge a party dealing with real estate with notice of such claim for lien. In other words, the description of the premises must be sufficiently accurate and definite to render their location susceptible of ready ascertainment.

3. The description of the property in the mechanic's lien account of the Kennard Glass & Paint Company is so defective as to render the lien void.

We are content with the doctrine announced in the first proposition above stated. The statute requires the affidavit, or sworn statement, of the subcontractor for a mechanic's lien to give a description of the premises upon which the labor was performed, or materials were used, as much as it does a statement of the amount due him. No other reasonable construction can be placed upon section 2 of our mechanics' lien law. The description need not be inserted in the affidavit proper. It is sufficient if it is set forth in the itemized account or bill which is made a part of the lienor's affidavit. The account of the items attached and referred to in the affidavit, or made a part thereof, and the affidavit proper are to be considered together, and when thus construed, if they meet the substantial requirements of the statute, it is sufficient. (*Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207; *Noll v. Kenneally*, 37 Neb., 880.)

Upon a careful review of the authorities we adhere to the views announced in the former opinion as embraced in the second proposition stated above. The object of the statute in requiring the description of the property in the sworn statement of a mechanic's lien of a subcon-

tractor is to advise the owner of the property, as well as
the public, of the claim of such subcontractor, by the
examination of the records of the county. The legisla-
ture has not undertaken to define the manner in which
the property shall be described in the claim for lien. A
description of the property is indispensable to the va-
lidity of the lien. It is obvious, therefore, that any de-
scription will suffice which will carry out the purpose of
the law, whether it be by metes and bounds, by lot and
block numbers, by governmental subdivisions, or by such
general description of the property as will enable a per-
son acquainted with the locality to identify it. Any de-
scription of the premises in a mechanic's lien will suffice
which renders the location susceptible of ready and easy
ascertainment, and apprises the owner and third parties
of the claim of the lienor. A description of the property
in a statement for a mechanic's lien as "The Lincoln
Hotel, in the city of Lincoln, Nebraska," or the "Burr
Block" in said city, most assuredly would not be void for
indefiniteness of description, since either is amply suffi-
cient for the identification of the premises intended to be
described. The rule laid down in the adjudicated cases
is that a description sufficient to sustain a mechanic's
lien is one which enables a party familiar with the lo-
cality to identify the property with reasonable certainty
upon which the lien is claimed. In addition to the au-
thorities cited in the former opinion, see *Kezartee v. Marks,*
15 Ore., 529; *Tredinnick v. Red Cloud Consolidated Mining
Co.,* 72 Cal., 78; *Harrisburg Lumber Co. v. Washburn,* 44
Pac. Rep. [Ore.], 390; *Springer v. Kroeschell,* 161 Ill., 358;
*Rockwell v. O'Brien-Green Co.,* 62 Ill. App., 293; *O'Brien v.
Krockinski,* 50 Ill. App., 456; *Buchannan v. Cole,* 57 Mo.
App., 11; *Bambrick v. King,* 59 Mo. App., 284; *National
Lumber Co. v. Bowman,* 42 N. W. Rep. [Ia.], 557; *Myers v.
Maverick,* 27 S. W. Rep. [Tex.], 950, 1083; *Scholes v. Goodall,*
77 Tex., 482; Phillip, Mechanics' Liens, secs. 379, 381.
It will be observed that in the statement of the account
for a lien in this case, and to which the affidavit of the
lienor was attached, the premises are described as the

"Bartlett & Downing Block, Kearney, Buffalo county, Nebraska." They are repeatedly designated in the testimony by the witnesses as the "Bartlett & Downing Block." Applying thereto the rule announced in the former opinion, as well as the definition given herein of a sufficient description of property in a claim of lien, the description under consideration is sufficient, since there are no rights of third parties to be affected by the lien. The owners of the premises could not have been misled by the description, much less does the evidence show that they were in any manner deceived thereby.

It is argued that the description in a mechanic's lien must be a numerical one, else the lien cannot be entered on the numerical indexes kept in the recorder's office. The statute contemplates that mechanics' liens shall be entered upon such indexes. (Compiled Statutes, ch. 18, art. 1, sec. 85.) But the failure to do so would not defeat the lien if the claim for a lien has in all other respects been properly recorded. (*Lincoln Building & Savings Association v. Hass*, 10 Neb., 581.) It therefore logically follows that a numerical description is not indispensable to the validity of a mechanic's lien.

It is finally argued that the lien is invalidated by the insertion in the affidavit for lien by the recorder of Buffalo county, after it was sworn to, the numerical description of the property. It was thus inserted by the express direction of the person who made the affidavit. Moreover, the other description of the property was ample to support the lien; hence the added description was an immaterial alteration of the affidavit. The affiant had a right to change it at any time before it was filed for record, subject, however, to being disregarded as to the amendments made after the affidavit was sworn to. The judgment of this court on the former hearing reversing the decree of the court below in favor of the Kennard Glass & Paint Company and dismissing its cross-petition is vacated, and the decree of the district court is in all respects

AFFIRMED.