LINCOLN SAVINGS & LOAN ASSOCIATION, APPELLEE, V. HARRY H. WEBBER ET AL.; NEBRASKA MATERIAL COMPANY, APPELLANT.

FILED DECEMBER 4, 1913. No. 17,401.

1. **Mechanics' Liens:** ITEMS OF ACCOUNT: ENTIRE CONTRACT. Where a materialman contracts with the owner to furnish material for the construction of a building, and during the course of construction a portion of the building is so damaged by fire as to necessitate the reconstruction of such portion, and the materialman, without further contract with the owner, furnishes the extra material required for such reconstruction, all of the material furnished will be treated as having been furnished under one contract.

2. ———: DESCRIPTION OF PROPERTY. "In an affidavit for a mechanic's
lien, if there appear enough in the description to enable a party
familiar with the locality to identify the premises intended to be
described with reasonable certainty, it will be sufficient." *Guiou
v. Ryckman*, 77 Neb. 833.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Reversed with directions.*

*Talbot & Allen*, for appellant.

*Burkett, Wilson & Brown*, contra.

FAWCETT, J..

Plaintiff brought suit in the district court for Lancaster
county, to foreclose a mortgage on lot 2, in block 1, Replat
of Sewall's Subdivision of Lincoln, Nebraska. The mort-
gage was recorded July 19, 1909. The defendant Lincoln
Stone & Supply Company filed an answer and cross-peti-
tion claiming a lien under five judgments obtained July
7, 1910. The defendant Nebraska Material Company filed
its answer and cross-petition for the foreclosure of a me-
chanic's lien, the same being for materials furnished the
owner of the premises for the erection of a building upon
the lot in question, and alleges that the first item of ma-
terial was furnished March 20, 1909, and the last item
May 27, 1910. The court found for the plaintiff and es-
tablished its mortgage as a first lien; found for the de-
fendant Lincoln Stone & Supply Company and established
its claim as a second lien; found that the defendant Ne-
braska Material Company was not entitled to a lien and
dismissed its action. The defendant Nebraska Material
Company appeals.

The grounds upon which plaintiff and the stone company
justify the decree entered below are: (1) That the ma-
terial company's lien was not filed within the time re-
quired by law. (2) There was not a sufficient description
of the property contained within the lien. We will con-
sider these points in the order named.

1. The first item of material was furnished March 20, 1909. When the building was only partially constructed the owner of the property moved into the basement and continued to reside in the building until after its completion. His testimony as to just when he moved in is somewhat uncertain, but it was probably some time in the early summer of 1909. The work upon the building appears to have progressed slowly. About Christmas of that year the building was damaged by fire. The roof was badly damaged, as were also the plastering and one of the walls. This necessitated a restoration of the damaged wall and the repair of the damage to other parts of the building. The material furnished by the material company consisted of sand and hollow blocks. It made deliveries of material each month, after the fire, down to and including the month of May. On May 25 and 27 it made the last two deliveries. The lien hinges upon these two dates, as it was filed September 24, 1910, which would be within four months thereafter. It is urged that these later items were not furnished under the original contract for the erection of the building, but were furnished for repairs, which had been necessitated by the fire, and hence were furnished under a separate and subsequent contract. The evidence of the owner as to the contract is that, when he was about to begin the erection of the building, he purchased the sand, stone and cement from the material company, and that the company was to deliver it as he wanted to use it; that it was to be delivered when called for. He also testified that the material covered by the material company's lien was delivered at his place and used by him in the construction of the house. This testimony is not disputed, so that the only question upon this point is, was the material necessary, for the restoration of the work which had been partly finished and which had been damaged by the fire, so that the building could be completed in the manner contemplated when it was begun? We are unable to see how there can be any difference of opinion upon this point. The material company was to furnish the material

for the construction of the building. The building was not completed until the company had furnished the material in May, 1910. This long delay had doubtless been occasioned by the fire, but the material company was not responsible for the fire, nor was any additional or subsequent contract entered into between it and the owner of the building. There were 19 deliveries of material after the fire, viz., eight in January, 1910, four in February, one in March, four in April, and the last two in May. Suppose, instead of the fire which occurred at Christmas time, a high wind had blown down the wall and damaged the roof, or suppose that, through some blunder of the mechanics who were constructing the building for the owner, the wall and roof had been so defectively constructed that the owner would have required that they be torn down and rebuilt. Could that fact, by any rule of law or of equity, militate against the materialmen? We think not. In *Watkins v. Bugge,* 56 Neb. 615, we held: "Each order and delivery of material made at different times does not necessarily constitute a separate contract. To constitute a single contract it is not necessary that the materials should all be furnished at one time, but may be obtained at different times and still be embraced in a single contract, if such was within the contemplation of the parties." Was it within the contemplation of the parties, viz., the owner and the material company, that the latter was to furnish material for the erection of the buildings about to be constructed, until its final completion? Clearly, yes. The fact that the final completion was delayed, or the amount of material required was increased by reason of an accident that occurred in course of construction, in no manner destroys or modifies the principal fact which "was within the contemplation of the parties." We think the construction of the building, from the time it was begun until it was completed, months after the fire, was a single transaction, and that the material furnished by the material company was furnished under one contract.

2. Was the description contained in the affidavit at-

tached to the lien a sufficient description? The affidavit recites that the itemized account is true and correct; that the material was furnished for the owner "under a verbal contract, for. the erection of a dwelling and other improvements and appurtenances, pertaining to and belonging on the following described lot, piece, or parcel of land, viz.: Lot number two (2) in block number one (1) in the Replat of Sewall's Subdivision." It will be observed that the affidavit does not state where the Replat of Sewall's Subdivision is located. It does not name the state, county or city. The rule is settled in this state that, "In an affidavit for a mechanic's lien, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient." *Guiou v. Ryckman*, 77 Neb. 833. It is also the settled rule that, the object of the mechanic's. lien law being to secure the claim of those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions. *Rogers v. Omaha Hotel Co.*, 4 Neb. 54. Cited with approval and followed in *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207, 221. Applying these rules, was the description sufficient? In other words, would any one "familiar with the locality," that is to say, with Sewall's subdivision, be able with reasonable certainty to locate lot No. 2 in block No. 1, in that subdivision? It is said, no state, county or city is named. We think these omissions, while careless, are not sufficient to defeat the lien. The lien was duly filed in Lancaster county. The records of Lancaster county would show where, in that county, the property included in the Replat of Sewall's Subdivision was located. Any abstracter would have shown the lien in an abstract of title to the lot named, and, if by an examination of the records the location of that subdivision could have been ascertained, the identification of the property would have been easy. In *Drexel v. Richards*, 48 Neb. 732, in considering the statute providing for the filing of a lien, we said: "Such

statute requires that in the affidavit filed to procure the lien there should be such a description of the real estate as, aided by extrinsic evidence suggested by the description itself, would charge a party dealing with the real estate with notice of the lien claimed against it." The plaintiff and the stone company were the parties dealing with this real estate. The plaintiff knew when it made its loan that the building was in course of construction, and was charged with knowledge of the fact that the material company was furnishing material therefor. The stone company obtained its judgments after the material company had commenced furnishing the material and while it was still continuing to furnish the same. It likewise was charged with notice of the material company's rights. Being charged with this knowledge, and knowing that the property upon which they were asserting liens was lot 2, block 1, in the Replat of Sewall's Subdivision, they could not have been misled by the fact that the description given in the affidavit attached to the material company's lien did not state that Sewall's subdivision was in the city of Lincoln. The protection provided for laborers and material men by the beneficient statute enacted for their benefit cannot be taken from them on so slender a technicality. We have not overlooked the authorities cited in the briefs of the plaintiff and defendant stone company. We have examined them and find nothing therein which conflicts with what we have above held.

The judgment of the district court is reversed and the cause remanded, with directions to establish the lien of the defendant Nebraska Material Company as a first lien upon the premises in controversy.

REVERSED.

BARNES, LETTON and ROSE, JJ., not sitting.