WHITE LAKE LUMBER COMPANY, APPELLEE, v. JAMES D. RUSSELL, APPELLANT.

1. **Mechanic's Lien:** CONSTRUCTION OF STATUTE. The lien of mechanics and material men upon a building or improvement in the construction of which labor or material is used, exists alone by virtue of the statutes creating it. Such statutes are remedial, and must be liberally construed.

2. ———: DESCRIPTION OF PROPERTY. An affidavit for a mechanic's lien, which describes the improvement as situated upon the south-west corner of lots four, five, and six, in a specified block in a city or village, and giving the name of the owner, would be sufficient, under chapter fifty-four of the Compiled Statutes, as to the description of the property sought to be affected by the lien.

3. ———: ———. The fact that an affidavit for mechanic's lien contains a description of more land than will be subject to the lien will not render the proceeding void, if not done with a fraudulent intent.

4. ———: IMPROVEMENT ON PROPERTY. Where it was alleged in the affidavit that the lumber was sold to H. E. B. for C. E. B., the owner of the property, and it was shown upon the trial to the satisfaction of the court that the material was furnished for the express purpose of making an improvement upon the property of C. E. B., these facts will support a finding that the material was sold upon a contract, to be used in the improvement named.

APPEAL from Johnson county. Tried below before BROADY, J.

*Daniel F. Osgood,* for appellant.

*S. P. Davidson,* for appellee.

REESE J.

This action was instituted in the district court for the purpose of foreclosing a mechanic's lien against the property of one Clara E. Bidwell, who was the owner of the

real estate upon which the improvements were made.   Appellant Russell, by leave of court, became a party to the action, and by his answer denied the allegation of plaintiff's petition, and sought the foreclosure of a mortgage held by him upon the premises in question, and bearing date subsequent to that of the alleged lien of plaintiff. He insists that plaintiff has no lien; by reason of a failure to comply with the law in the filing of the affidavit in the clerk's office, and for the further reason that it was not proven upon the trial that the lumber, from the sale of which the indebtedness arose, was sold to Clara E. Bidwell, the owner of the property; but that it was shown that it was sold to Henry E. Bidwell, her father, upon his credit alone, and that there never was a contract, either express or implied, with her for the furnishing of the material mentioned in the affidavit.

The first question which we will notice is, as to the sufficiency of the affidavit filed in the office of the county clerk. This affidavit is as follows :

" STATE OF NEBRASKA, }
   JOHNSON COUNTY.    }

" After being duly sworn according to law, H. I. McCoy, agent of The White Lumber Company, at Sterling, Johnson county, Nebraska, deposes and says that the above bill is a true copy of his books, with proper credits; that the above named items were sold and delivered to H. E. Bidwell, for Clara E. Bidwell, at his request, at times mentioned, and that the material herein named was used in building, re-modeling, and repairing the building or barn owned by said Clara E. Bidwell, and situated on the south-west corner of lots four, five, and six, in block six, in the original town of Sterling, and converting the same into a building used for school purposes.   That the balance due is unpaid, and said White Lake Lumber Company, for the better securing of same, hereby files this bill with intention of a mechanic's lien, and wishes it to be properly indexed and so filed."

This affidavit is properly verified, and attached to it is an itemized statement of the account. The objection to it is that the property upon which the lien is sought to be created is not described with sufficient particularity.

In the consideration of this part of the case it must not be forgotten that the lien of mechanics and material men upon a building or improvement in the construction of which labor or material is used, is purely a creature of the statutes, and did not exist either at common law or in equity (Maxwell's Pleading and Practice, 700), and must, therefore, be considered with reference to the statute, as well in the manner of its enforcement as in its creation.

Section 3 of the mechanic's lien law of this state (Comp. Stat., Chap. 54, Sec. 3) provides that any person entitled to a lien under the chapter "shall make an account in writing of the items of labor, skill, machinery furnished, or either of them, as the case may be, and after making oath thereto, shall, within four months of the time of performing such labor and skill, or furnishing such machinery or material, file the same in the county clerk's office of the county in which such labor, skill, and materials shall have been furnished, which account so made and filed shall be recorded in a separate book to be provided by the clerk for that purpose, and shall, from the commencement of such labor or the furnishing of such materials, for two years after the filing of such lien, operate as a lien on the several descriptions of such structures and buildings and the lots on which they stand," etc.

By this section it will be seen that in order to secure a lien it is necessary to file a statement of the account, properly verified, with the county clerk, and cause the same to be recorded. Whether or not it was the purpose of the legislature to make the lien effective without any description of the real estate sought to be affected, but that the lien should be in the nature of that imposed by a judgment, limited to the particular tract or lot upon which the im-

provement is made, we need not now inquire, as the affidavit in this case refers to the property sufficiently to apprise all persons of the location of the building thereon, and therefore of the property sought to be held. The language of the affidavit is, that the material was used in the rebuilding, etc., of " the building or barn owned by said Clara E. Bidwell, and situated *on* the south-west corner of lots four, five, and six," in the block specified. The building standing upon the corner of the lots named, if they constitute a compact body of land and were owned by Clara E. Bidwell, would be sufficient of itself to charge third parties with knowledge of plaintiff's rights for the term of four months without any notice, in the form of the verified account, being filed in the office of the county clerk. As to whether or not she did own the property, or whether it was contiguous, was a question of proof upon issue joined.

Statutes governing mechanic's liens are remedial and must be liberally construed. *Rogers v. Omaha Hotel Co.,* 4 Neb., 59.

In Phillips on Mechanics' Liens, Sec. 379, it is said that probably the best rule to be adopted is, " that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient. There is great reluctance to set aside a mechanic's lien merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises so that by applying it to the land it can be found and identified."

The affidavit describes the property upon which the building stands with particularity, and states that the location or site of said building is the south-west corner. If Clara E. Bidwell was the owner of the three lots named, and they were used as one property, they would be within

the meaning of " lot of land," as used in section one of the chapter of the statutes under consideration. The petition alleges that Clara E. Bidwell, at the time the material was furnished, was the owner of the south half of the lots described, and the lien is only asked as against that part. The fact that the affidavit described too much land will not render it void if not done fraudulently or designedly. *Oster v. Rabeneau*, 46 Mo., 596. *Whitenack v. Noe*, 3 Stockton's Ch. (N. J.), 321. The lien will be held good upon whatever property belongs to the lot and curtilage and is necessary to the enjoyment of the premises, which is a question of fact. *Edwards v. Derickson*, 4 Dutcher (N. J.), 39. There is a very marked difference between a *misdescription* of the land and a vague one. If other and different property is described in an affidavit from that upon which the improvement is made, it might be a fatal variance, while an imperfect description might not affect the legality of the proceedings.

As to the second contention of appellant, it must be sufficient to say that the testimony of plaintiff's agent is, that he was well acquainted with the property on which the improvement was to be made, and that the lumber was purchased for that express purpose, and it was so used. The contract was made with Henry E. Bidwell, who was, without doubt, acting for his daughter. There was sufficient proof of these facts to sustain the finding of the trial court.

It is true that the preliminary proceedings taken for the purpose of establishing the lien were somewhat informal, but they were not void. The proof was sufficient to sustain the finding of the court upon the issue that Henry E. Bidwell purchased the lumber "for Clara E. Bidwell," as stated in the affidavit, and if so he was her agent.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.