ARTHUR P. GUIOU ET AL., APPELLEES, V. DANIEL W. RYCKMAN ET AL., APPELLEES; MARY A. WALLACE, APPELLANT.

FILED DECEMBER 21, 1906. No. 14,581.

1. **Mechanics' Liens: LIABILITY OF VENDOR.** Where a vendor and vendee cooperate in plans for the erection of improvements upon real estate covered by their agreement, the interest of the vendor, as well as that of the vendee, is bound for the payment of liens for labor and material which have been furnished for such improvements.

2. ———: STATEMENT OF ACCOUNT. Where a contract is entered into for a specific sum for labor or material, and is complete within itself, and is filed with the statement of the lien, a more detailed statement of the account is unnecessary.

56

3. ———: DESCRIPTION OF PROPERTY. In an affidavit for a mechanic's
   lien, if there appear enough in the description to enable a party
   familiar with the locality to identify the premises intended to be
   described with reasonable certainty, it will be sufficient. *White
   Lake Lumber Co., v. Russell,* 22 Neb. 126, followed and approved.

4. Evidence examined, and *held* sufficient to sustain the decree of the
   district court as to the liens filed herein.

5. Evidence examined, and *held* insufficient to show defendant Daniel
   W. Ryckman entitled to affirmative relief.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Decree modified.*

*E. H. Westerfield,* for appellant.

*Francis A. Brogan, D. W. Merrow, Nelson C. Pratt,
Byron G. Burbank, E. C. Hodder* and *Baldrige & De Bord,*
contra.

OLDHAM, C.

This action was instituted by the plaintiffs in the court
below for the purpose of foreclosing mechanics' and
material men's liens upon two lots situated in the city of
Omaha, Nebraska. The record title to these lots was in
defendant Mary A. Wallace, and Daniel W. Ryckman was
in possession of the lots in controversy under an execu-
tory contract for the purchase thereof. A number of
defendants were joined as holders of mechanics' and mate-
rial men's liens, and they each filed answers and cross-
petitions. Defendant Mary A. Wallace filed an answer,
denying the validity of these various liens, and by way of
cross-petition alleged that she was the owner of the lots
in dispute, and that certain of the liens filed by plaintiffs
and cross-petitioners were a cloud upon her title, which
she asked to have canceled and removed from the record.
Defendant Daniel W. Ryckman appeared, but does not
seem to have asked for any affirmative relief in his answer.
On issues thus joined there was a trial to the court, and
judgment in favor of the plaintiffs and cross-petitioners,

in which the claims for work done and material furnished for the buildings on the lots by the plaintiffs and cross-petitioners were decreed to be a first lien on the premises, and the claim of defendant Mary A. Wallace for the purchase price of the premises under her contract with defendant Ryckman was decreed to be a second lien, and an order of sale was directed under this decree, which provided that, after the payment of the mechanics' and material men's liens and the payment of the amount due on the purchase price to defendant Mary A. Wallace, the remainder, if any, should be paid to defendant Daniel W. Ryckman. To reverse this judgment defendant Mary A. Wallace appeals to this court.

The facts underlying this controversy are that at and prior to the 28th day of July, 1904, the defendant Mary A. Wallace was the owner of the lots in dispute, which were described as lots 1 and 3, in Wallace's subdivision of Omaha, Nebraska. Prior to the day last mentioned defendant Ryckman negotiated through G. G. Wallace, a real estate agent in Omaha and son of the defendant Mary A. Wallace, for the purchase of the lots. As a result of these negotiations defendant Mary A. Wallace, who was not a resident of Omaha, came to Omaha, and entered into the following written agreement with defendant Ryckman: "It is hereby agreed, by and between the parties hereto that Mary A. Wallace, party of the first part, will convey by a good and sufficient warranty deed, with perfect title, all taxes due and payable at this date to be paid, lots 1 and 3, Wallace's subdivision, City of Omaha, Douglas county, Nebraska, to D. W. Ryckman, party of the second part, on completion, by said party of the second part, of a house of not less than five rooms, on each of said lots. Said houses to be constructed in a good and workmanlike manner, and to be completed on or before November 1, 1904. The consideration for said lots to be $700 to be paid on or before November 1, 1904, or on completion of said houses. The party of the first part further agrees that should the party of the second part not be

able to secure a loan sufficient to erect said houses, she
will take a second mortgage on both houses and lots, not
to exceed $200, payable $5 a month, with interest at 7 per
cent., payable monthly from this date. The total in-
debtedness not to exceed $1,700, and all labor and material
to be paid by the party of the second part. Permission is
given to begin erection of said houses any time within
30 days. Signed this 28th day of July, 1904. M. A. Wal-
lace, D. W. Ryckman. (Witness) G. G. Wallace." After
the signing of this contract Mrs. Wallace left the city,
and did not return before the present suit was instituted.
Defendant Ryckman entered upon the premises in the
month of October, and began the erection of a building on
lot 1. It is to the claims for material furnished and
labor performed on the building erected on this lot that
our attention will be directed, since it is stated in appel-
lant's brief, and conceded by counsel for the appellees,
that the claims which were decreed liens on lot 3 have all
been settled by the parties.

The first objection urged against the decree by the ap-
pellant is as to so much of it as grants affirmative relief
to defendant Daniel W. Ryckman, by directing the pay-
ment to him of the surplus, if any, arising from the sale
of the premises, after the liens have been satisfied. It is
urged in support of this objection that defendant Ryck-
man did not ask for any affirmative relief from the court,
and that there is no evidence in the record that shows that
he did anything under the contract, except to take posses-
sion of the lot in controversy and proceed with the erection
of the building, without paying or offering to pay for any
of the labor performed or material furnished thereon, or
paying or offering to pay any part of the purchase price
agreed upon in the contract. The transcript of the plead-
ings and the bill of exceptions, containing the testimony
introduced at the trial of the cause, fully sustain this con-
tention. While the evidence shows that Ryckman moved
into the house on lot 1 after it was partially completed,
and was residing there at the time of the trial in the court

below, yet neither in his pleadings nor in his testimony taken at the trial did he claim any right to affirmative relief, but on the contrary his evidence was more in the nature of a disclaimer, for he says that he did not know that he had any interest in the contract for the property.

It is next urged that the title of the appellant Mary A. Wallace in the premises is not liable for the liens of either plaintiffs or cross-petitioners for material furnished to defendant Ryckman and labor performed at his instance in the erection of the building. This contention rests on the theory that the agreement before set out between Mrs. Wallace and Mr. Ryckman was not a contract binding on either party thereto, but was only an option agreement, and that the lienors were bound at their peril to know the terms of the agreement under which the contractor was operating. While the contract by its terms gives defendant Ryckman the right to enter upon the premises, which were at that time vacant lots, within 30 days and proceed with the construction of the buildings contemplated in the contract, time was nowhere made of the essence of the contract by its terms. And the evidence shows that G. G. Wallace, son and agent of the appellant, knew of the fact of the construction of the buildings and the purchase of material therefor at the time they were furnished Ryckman in the month of October, 1904. The contract was plainly entered into by the parties for the purpose of having buildings erected on the lots, and this places it within the line of decisions of this court that hold that, where the vendor and vendee cooperate together in plans for the erection of improvements upon real estate covered by their agreement, the interest of the vendor, as well as that of the vendee, is bound for the payment of liens for labor and material which have been furnished for such improvements. *Bohn Mfg. Co., v. Kountze,* 30 Neb. 719; *Millsap v. Ball,* 30 Neb. 728; *Pickens v. Plattsmouth Investment Co.,* 37 Neb. 272; *Cummings v. Emslie,* 49 Neb. 485.

Objections are urged to the sufficiency of the proof of

the filing of certain of the liens on which judgments were rendered in the court below. One of these objected to is the lien of defendant and cross-petitioner George W. Jones. The evidence with reference to the filing of this lien is as follows: "Q. I hand you a mechanic's lien, and ask you if that is your signature attached to it, and you caused it to be filed in the register of deeds' office? A. Yes, sir. By Mr. Burbank: This may be marked 'Exhibit 9,' and I will offer it in evidence together with the indorsements thereon." The indorsements showed the filing mark of the register of deeds, and the date of filing and place of registry. This was clearly sufficient.

Similar objections are interposed to the sufficiency of the proof of filing of the liens of cross-petitioners S. F. Davis, Carl Smith, C. A. Kauffold, and J. B. Benjamin. Each of these lienors testified that they had paid the filing fee to the register of deeds, and that the liens bore their respective signatures, but the offer of the indorsements on the liens was not specifically tendered. While there was a technical inaccuracy in the proof of the registry of these liens, yet it was aided by the allegations of the answer and cross-petition of the appellant, who alleged in her cross-petition that these liens had been filed with the register of deeds of Douglas county, Nebraska, and that they constituted a cloud upon her title, which she asked to have removed by affirmative decree of the court.

Objection is urged to the sufficiency of the lien filed by cross-petitioner J. W. Robbins, in that it does not contain a sufficient description of the property which it seeks to charge, nor an itemized statement of the material furnished. The lien alleges an amount due on a contract, which is attached to and made a part of the affidavit. Where a contract is entered into for a specific sum for labor or material, and is complete within itself, and it is filed with the statement of the lien, a more detailed statement of the account is unnecessary. *Doolittle & Gordon v. Plenz,* 16 Neb. 153. The description of the lots contained in the lien is: "The southeast corner and third lot from

corner on the south, being lots 1 & 3 in Wallace's Sub., Mary A. Wallace being the owner." As there are no rights of third parties, who have purchased relying on the record, involved in this controversy, a liberal rule as to the sufficiency of description in the affidavit for a mechanic's lien should be applied, and, "if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient." *White Lake Lumber Co. v. Russell,* 22 Neb. 126. The description may also be aided by any extrinsic evidence furnished by the instrument which is filed as such notice of the lien. *Drexel v. Richards,* 50 Neb. 509. The notice filed bears the date, "Omaha, Neb., Dec. 1, 1904," and the venue of the affidavit is laid in Douglas county, Nebraska. We think that, thus aided, the description is sufficient.

We therefore recommend that so much of the judgment and decree of the district court as provides that the surplus, if any, arising from the sale of lot 1, be paid to defendant Ryckman be set aside, and that a judgment and decree be entered directing the payment of such surplus, if any, to defendant Mary A. Wallace, and that the judgment and decree so modified be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that so much of the judgment and decree of the district court as provides that the surplus, if any, arising from the sale of lot 1, after the payment of the liens thereon, be paid to defendant Ryckman be set aside, and that defendant Mary A. Wallace is the owner in fee of the lot in question, and that the surplus, if any, be paid to defendant Mary A. Wallace, and that the judgment and decree of the district court so modified be affirmed.

DECREE MODIFIED.