HARRY OWEN, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY ET AL., APPELLANTS.

FILED MAY 20, 1910.   No. 16,038.

1. Mechanics' Liens: SUBCONTRACTOR. A plaintiff who completed a job of grading on the roadbed of a railway *held* to be a subcontractor within the meaning of the laborers' lien law, where his proof showed that the work was orally sublet to him, through his father, by the original contractor, that the subcontract was made for his benefit, that he used his own grading outfit, and that he paid the laborers with his own money.

2. ———: CONSTRUCTION OF ACT. The statutes providing for mechanics' and laborers' liens are remedial enactments and should be liberally construed.

3. ———: DESCRIPTION OF PREMISES. In a subcontractor's lien for a job of grading on the roadbed of a railway, a description is sufficient, when it will enable a person familiar with the locality to identify with reasonable certainty the premises intended to be described.

4. ———: ———. In a subcontractor's lien, the description, "Grading and excavating on the Chicago, Burlington and Quincy Railway right of way between A and D streets in the city of South Omaha, Nebraska," *held* sufficient, where the right of way described is the only one owned by that corporation between the streets named.

5. ———: ———. "The fact that an affidavit for mechanic's lien contains a description of more land than will be subject to the lien will not render the proceeding void, if not done with a fraudulent intent." *White Lake Lumber Co. v. Russell*, 22 Neb. 126,

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Greene, Breckenridge & Matters* and *W. H. Hatteroth,* for appellants.

*Crofoot & Scott* and *H. S. Daniel, contra.*

ROSE, J.

According to the petition, S. Cox, defendant, entered into a contract with the Chicago, Burlington and Quincy Railway Company, defendant, to do some grading and excavating on its right of way on Twenty-ninth street between A and D streets in South Omaha, and immediately sublet a portion of the work to plaintiff, agreeing to pay him 18 cents a cubic yard for excavating and removing earth. Plaintiff commenced the job September 1, 1906, and completed it October 3, 1906, having in the meantime excavated and removed 3,690 cubic yards of earth. Neither of the defendants paid him for his work, and he filed a lien November 30, 1906, for $664.20 against the roadbed and right of way at the *locus in quo.* This is a suit by plaintiff to foreclose his lien. Cox permitted a default. The railway company filed an answer containing a general denial. A trial resulted in a decree of foreclosure, the amount of plaintiff's recovery being $743.50. The railway company has appealed.

The decision of the trial court is first assailed as follows: "There is not sufficient evidence to sustain the findings and decree to the effect that plaintiff was a subcontractor of defendant Cox." In support of this contention it is asserted that plaintiff was employed by the firm of Owen & Lovelace to whom the job had been sublet by Cox. These inferences are drawn chiefly from testimony that plaintiff's father, Henry E. Owen, senior member of the firm of Owen & Lovelace, made the contract with Cox, and that the laborers were paid with checks of that firm. On the other hand, there is proof tending to

show these facts: Cox wanted plaintiff to do the work, and was told to make the deal with the senior Owen, and did so. The contract was not made for the father or for the firm, but for plaintiff individually. In doing the work plaintiff used his own grading outfit, and had been in business for himself two years. The laborers were paid by plaintiff out of his own funds with the checks of Owen & Lovelace, his individual business having been kept separate from that of the firm. Cox never paid the firm or Henry E. Owen or plaintiff for the work. A consideration of all the evidence leads to the approval of the trial court's finding that plaintiff was a subcontractor of Cox, that he performed the contract on his part, and that his claim is unpaid.

The remaining objection to the decree of foreclosure is stated as follows: "The statement of the mechanic's lien is imperfect in that the description of the premises sought to be charged with the lien is too vague and indefinite, and is inapplicable to the particular track and roadbed actually benefited." The description required by statute is found in the following enactment: "Every person, whether contractor, or subcontractor, or laborer or material man who wishes to avail himself of the provisions of the foregoing section, shall file with the clerk of the county in which the building, erection, excavation, or other similar improvement, to be charged with the lien is situated, a just and true statement or account of the demand due him after allowing all credits, setting forth the time when such material was furnished or labor performed, and when completed, and containing *a correct description of the property to be charged with the lien.*" Comp. St. 1909, ch. 54, art. II, sec. 3. The property to be charged with a subcontractor's lien is described by statute in this language: "The said lien therefor shall extend and attach to the erections, excavations, embankments, bridges, roadbed, and all land upon which the same may be situated, including the rolling stock thereto appertaining and belonging, all of which including the

right of way, shall constitute the excavation, erection or improvement provided for and mentioned in this act." Comp. St. 1909, ch. 54, art. II, sec. 2. The statutes are remedial and must be liberally construed. *White Lake Lumber Co. v. Russell*, 22 Neb. 126. Within the meaning of the statutory provisions quoted, when thus construed, is plaintiff's description sufficient? It is as follows: "Grading and excavating on the Chicago, Burlington & Quincy Railway right of way between A and D streets in the city of South Omaha, Nebraska." The test of sufficiency is whether the lienor's description will enable a person familiar with the locality to identify with reasonable certainty the premises intended to be described. *Guion v. Ryckman*, 77 Neb. 833; *White Lake Lumber Co. v. Russell*, 22 Neb. 126. It is shown by the proofs that the right of way on which plaintiff worked runs south on Twenty-ninth street, and crosses A, B and C streets at right angles, terminating at D. There are two parallel spur-tracks on Twenty-ninth street. One leaves the main line north of A and terminates between B and C. The other leaves the main line north of A and terminates at D. Both tracks belong to the Chicago, Burlington & Quincy Railway Company, and one witness stated that it had no other tracks between A and D in South Omaha east of the Union Pacific tracks. The only track extending from A to D is on the right of way where plaintiff worked. West of the Union Pacific tracks the streets corresponding to A, B, C and D are known as West A, West B, West C and West D; so that one familiar with the locality would not mistake the right of way described in plaintiff's lien for the right of way owned by the Chicago, Burlington & Quincy Railway Company west of the Union Pacific tracks. One track owned by the Chicago, Burlington and Quincy Railway Company in South Omaha, in addition to those on Twenty-ninth street, seems to cross A street diagonally at the west end, but it runs toward the southwest to a point only a trifle south of A street, and one familiar with the locality would not

mistake that track for "the Chicago, Burlington & Quincy Railway right of way between A and D streets in the city of South Omaha." In this view of the proofs, the Chicago, Burlington & Quincy Railway Company had no right of way or tracks between A and D streets in the city of South Omaha to prevent identification of the right of way described in plaintiff's lien. With the location of the graded right of way thus described, a person familiar with the locality could identify it almost as readily as Twenty-ninth street between A and D. No reason can be given for the application of strict or technical rules in testing the description. The record contains no intimation that defendants were misled by it, or that there was any fraud or wrongdoing on the part of plaintiff, or that the right of any third person had intervened. The description is sufficient for the identification of the property to be charged with the lien.

It is argued, however, that there are two tracks on Twenty-ninth street between A and D; that plaintiff described a right of way, and his description, if sufficient to identify the premises, includes both tracks; that plaintiff worked on one only, and that his lien can attach to no other. This point is without merit. In an opinion by the present chief justice it is said: "The fact that an affidavit for mechanic's lien contains a description of more land than will be subject to the lien will not render the proceeding void, if not done with a fraudulent intent." *White Lake Lumber Co. v. Russell*, 22 Neb. 126. The statute quoted (Comp. St. ch. 54, art. II, sec. 2) seems to apply. There was no fraud to invalidate the description in the present case. If too much property was described, the trial court had authority to confine the lien to the property legally affected by it.

No error appearing in the record, the judgment is

AFFIRMED.