DRAINAGE DISTRICT NO. 1, RICHARDSON COUNTY, APPELLANT, V. THOMAS G. BOWKER, APPELLEE.

FILED MAY 6, 1911. No. 16,444.

1. **Drainage Districts:** ASSESSMENT OF BENEFITS: APPEAL: BURDEN OF PROOF. On the trial of an appeal from the findings and order of the board of a drainage district, organized under the provisions of chapter 161, laws 1905, assessing benefits to land situated within such district, it is not reversible error to instruct the jury that the burden of proof is on the district to show that the lands assessed will be benefited by the construction of the drainage improvement.

2. ———: ———: ———: QUESTION FOR JURY. Under the provisions of that chapter as it stood prior to the amendments of 1909, (laws 1909, ch. 147), it was not reversible error to submit the question of the amount of such benefits to a jury.

3. Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Kelligar & Ferneau, A. R. Scott, E. Falloon* and *A. R. Keim,* for appellant.

*Reavis & Reavis, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Richardson county in the matter of the assessment of the lands of one Thomas G. Bowker for the benefits accruing thereto by a system of drainage established and constructed by drainage district No. 1 of that county. It appears that Bowker is the owner of 1,070 acres of land situated within the drainage district, and that he filed his objections to the assessments in question before the drainage board, which were overruled, and he thereupon perfected an appeal to the district court, where the cause was tried to a jury, a verdict was returned by which his assessment was reduced to some extent, and the amount thereof was fixed at the sum of $6,599.44. Judgment was rendered on the verdict, and, as above stated, the drainage district has appealed.

The appellant presents, and has argued, the following assignments of error: First. The court erred in giving instruction numbered 1, requested by the appellee, thereby placing the burden of proof upon the drainage district. Second. The court erred in submitting the question of the amount of the assessments to the jury. Third. The court erred in holding that there was any competent evidence to submit to a jury upon which they could reduce or change the assessment made by the drainage board.

These assignments will be disposed of in the order in which they have been presented.

1. The instruction complained of reads as follows: "You are instructed that, before you can find a verdict in favor of the drainage district, you must first find that the land of Mr. Bowker will in fact be benefited by the construction of the proposed drainage improvement. The question as to whether or not said land would be benefited is a question of fact for you alone to decide. The court has no right to pass on that question. The burden of proving that this land will be in fact benefited by the construction of such drainage improvement is upon the drainage district and, if they have not so proved by a preponderance of the evidence, you should return a verdict in favor of Mr. Bowker."

Upon the appeal of a landowner from the findings and order of assessment made by the drainage board, the question of the amount of benefits to his land can always be tried, and this was the question that was tried by the district court in this case. Section 17 of the drainage act (laws 1905, ch. 161) provides that the bond upon appeal to the district court shall be conditioned "the same as in appeals to the district court from civil actions in justice's court in this state." The secretary of the drainage board files a transcript and the papers in the district court, and that court thereupon has jurisdiction. The statute then provides that the appeal shall be docketed and filed as in appeals in other civil actions to said court. It is further provided that the procedure in the district court shall be the same as in matters appealed from the board of county commissioners. To illustrate: When a claim is filed against the county and is allowed by the county commissioners, and an appeal is taken to the district court, the question in that court is whether the claimant is entitled to recover anything against the county, and, if so, how much? He is the plaintiff, and must file a petition, and in the first instance prove his claim. This is true whether the claimant appeals or whether a taxpayer appeals from an

allowance of the claim. In either case the claimant must file his petition and prove his claim, and this is so in cases like the one at bar. If the assessment against the land is unsatisfactory, and an appeal is taken to the district court, the procedure thereon is, by express provision of the statute, the same as the procedure in cases appealed from the county board. This provision is reasonable and logical. The drainage district in such case is the moving party. It asserts that the landowner should pay a certain amount of money toward the improvement, and alleges that this is because his land is benefited in at least that amount by the improvement. The drainage district has the affirmative side of the proposition, and should first present its evidence in order to maintain its position. No doubt the report of the engineer when approved and confirmed by the drainage board is *prima facie* evidence of the matters therein required to be stated, but this fact does not change the burden of proof. If the drainage district has the burden, it can use the engineer's report, if so confirmed and approved in the first instance, as evidence to sustain that burden. However, when the evidence is all before the court and jury, it is proper to tell them that the burden of proof as to the amount of benefits to the land of the defendant (for the landowner is virtually a defendant) is upon the drainage district. Such, in effect, was the instruction complained of, and it seems clear that the drainage district was not prejudiced thereby, because the jury found that Bowker's lands were, as a matter of fact benefited by the drainage improvement; and, having so found, it follows that, even if the instruction was not technically correct, the error, if any, was without prejudice.

2. Considering appellant's second contention, that the court erred in submitting the amount of the assessments to the jury, we find from the record that no objection was made to the impaneling of the jury, but thereafter, and when evidence was first offered, objection was made that "the case now called for hearing, is not a case contemplated by the drainage law or the

statute of Nebraska as an action to be determined by a jury. It is a case that should be submitted to the court only." The objection was overruled, and an exception was noted. It appears that the trial of this case was conducted under the provisions of the drainage act of 1905, and before the amendments of 1909 took effect. By section 17 of the original act as found in chapter 161, laws 1905, relating to appeals in such cases, it is provided that, upon the filing of the transcript and a bond in the district court, that court has jurisdiction of the cause, which shall be docketed and filed as appeals in other cases to said court, "provided on appeal the procedure shall be the same as in matters appealed from the board of county commissioners." This provision seems to be broad enough to authorize the district court to submit the question of the amount of benefits to a jury, and to so hold in no way conflicts with our own opinion in *Drainage District No. 1 v. Richardson County,* 86 Neb. 355, for what was there said was based on a construction of the law as amended by the act of 1909.

Again, we are of opinion that the objection to a jury trial was not seasonably made. If a party desires to object to a trial by jury, he should do so before the jury is impaneled; an objection made thereafter to the introduction of evidence should be considered as of no avail.

3. In disposing of appellant's third contention, to wit, that there was no competent evidence to submit to the jury, and upon which they could reduce or change the assessment made by the drainage board, we have examined the bill of exceptions, and find therein the testimony of a large number of witnesses showing, or tending to show, that the assessments for benefits upon the several subdivisions of Mr. Bowker's land was too high. Upon this point the evidence is conflicting. It seems that the jury has fairly solved that question. At any rate we are unable to say that the verdict is not sustained by the evidence.

Finally, the case seems to have been fairly tried, and the result appears to be just as between the parties.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.