OTTO DETTMAN, APPELLANT, V. G. K. PITTENGER ET AL., APPELLEES.

FILED SEPTEMBER 25, 1911.  No. 16,713.

1. **Highways:** OPENING: SUFFICIENCY OF PETITION. In a petition or a proceeding to open a county road, a description, though indefinite in some particulars, which will enable a surveyor or a person familiar with the locality to locate the line with reasonable certainty is sufficient in that respect for the purpose of conferring jurisdiction on the county board and of resisting a collateral attack by injunction to prevent the opening of the road. ·

2. ——: ——: WAIVER OF IRREGULARITIES. In a proceeding to open a county road, a person whose land will be taken for that purpose waives irregularities not affecting the jurisdiction of the county board, where he files a claim for resulting damages.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*C. E. Spear, H. C. Vail* and *F. J. Mack,* for appellant.

*O. M. Needham* and *W. F. Critchfield, contra.*

ROSE, J.

This is a suit to enjoin the county board and a road overseer from opening a county road through a quarter-section of land owned by plaintiff in Boone county. The injunction was denied, and plaintiff has appealed.

Plaintiff bases his right to an injunction on the ground that in attempting to open the road the county board acted without jurisdiction, its order for that reason being void. The jurisdictional infirmities presented are: In the petition for the road the description is insufficient and the report of the viewer or commissioner does not supply the necessary information. The petition for the opening of the road contains the following description of the proposed route: "Commencing at a point 80 rods west of the southeast corner of section 28, township 20,

range 8 west, running thence north one mile and nearly a half, thence west 80 rods or joining the Old Ridge road that formerly ran to Akron, and following in a northwesterly direction the old survey as nearly as practicable through the northwest quarter of section 21, and through section 16 and section 19 and terminating at the northwest corner of section 9, township 20, range 8 west." The report of the viewer or commissioner appointed to report on the expediency of the proposed road is: "I have carefully viewed the ground specified in the foregoing road petition, and found nothing in the way to prevent its being a first-class wagon road with little, if any, expense to the county. There are no bridges to be put in or cuts or fills." The viewer also filed a plat showing the line through plaintiff's quarter-section, but courses and distances were not indicated by letters or figures. The county board made a formal order establishing the road. Plaintiff insists that a portion of the line cannot be definitely located by means of the language, "running thence north one mile and *nearly a half,* thence west 80 rods or joining the Old Ridge road," and that the viewer left no record supplying the necessary information or describing with reasonable certainty that portion of plaintiff's land required for the use of the public. The report of the viewer or commissioner being as indefinite as the petition, was the description sufficient to confer on the county board jurisdiction to open the road in the proceeding commenced by the filing of the petition for that purpose? Plaintiff had notice of the proceedings, but did not remonstrate against the opening of the road or object to the jurisdiction of the county board or to the report of the viewer, or in any other manner raise in that tribunal the questions now presented. Instead, he filed with the county board a 2,500-dollar claim for "damages by reason of the location of a county road over and across" the quarter-section of land in controversy, stating: "There is now a road on two sides of this quarter. The proposed road runs through the center of

the quarter on the best land in the quarter." In passing on his claim the county board allowed him $300, and he appealed to the district court, where the matter is still pending.

In *Warren v. Brown,* 31 Neb. 8, 18, it was said: "The proceedings to create a highway should be so definite and certain that a competent surveyor could, with the record before him, point out its location." In that case the starting point was uncertain, and the description in other respects was indefinite. In describing a proposed county road, however, the highest degree of certainty is not required. The generally accepted rule is: "If places are designated which will enable a surveyor or persons familiar with the locality to locate the way with reasonable certainty, the description will be deemed sufficient." 1 Elliott, Roads and Streets (3d ed.) sec. 380. This rule has been applied to descriptions requiring as high a degree of certainty as that required in petitions for highways. *Owen v. Chicago, B. & Q. R. Co.,* 86 Neb. 851. The description in the petition filed with the county board does not show on its face that a person familar with the locality cannot locate the way with reasonable certainty, nor is that fact established by a preponderance of the evidence. The road in controversy is not on a section-line. The law did not require defendants to open it along the exact route described in the petition. The county board had authority to make changes in the line after acquiring jurisdiction. According to the statute the viewer or commissioner "is not confined to the precise matter of the petition, but may inquire and determine whether that or any road in the vicinity answering the same purpose, and in substance the same, be required." Comp. St. 1909, ch. 78, sec. 7. When plaintiff received notice of the petition, he knew, therefore, that a road of the statutory width, varying in places from the location originally contemplated, might eventually be opened through his land. It follows that the rule which does not require technical accuracy in the description is

in harmony with the spirit of the statute, which permits changes in the line actually described. In *Fremont, E. & M. V. R. Co. v. Mattheis,* 39 Neb. 98, it was held: "Where a petition for appraisers to assess damages on account of the appropriation for right of way purposes of a strip 100 feet wide through a particular tract of land refers for a more specific description to an accompanying plat, which shows the location of the road through such tract, but without letters or figures to indicate courses and distances, such description will be held sufficient when assailed in a collateral proceeding."

In the present case the description is not so uncertain as to invalidate the entire proceeding before the county board, but is sufficient to resist plaintiff's collateral attack. The uncertainty in the petition and in the report of the viewer is an irregularity which plaintiff waived by filing his claim for damages on account of the establishment of the road. *Hoye v. Diehls,* 78 Neb. 77; *Davis v. Commissioners of Boone County,* 28 Neb. 837. Plaintiff has not established a right to an injunction. No error has been found, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.


REESE, C. J., concurring.

I concur in the decision in this case upon the ground that by filing his claim for damages and appealing from the award of the county board the plaintiff has voluntarily placed himself in a position which deprives him of the right to the equitable remedy of injunction. He cannot demand damages for the location of the road and at the same time deny the jurisdiction of the board in establishing it. He is not entitled to both remedies.

I agree that the filing of the petition, although defective, conferred jurisdiction upon the board. I also agree with the holding that a proper report by the com-

missioner to view the proposed road would have cured the defect. But it appears that the commissioner failed to perform his duty in that regard, and it is still in doubt as to where the change in direction "one mile and nearly a half" north of the initial point would occur. It may be at the quarter east and west line in section 21, or it may not. Other descriptions appear to be in compliance with the law. The county board should have rejected the report of the commissioner and caused him or some other person to establish the point of change in direction by proper measurements, or other apt description. This may yet be done, and the exact location of the road made a matter of record in order that future complications may be obviated. If this has not been done, the board should see that it is accomplished without further delay.

ROOT, J.

I concur on the sole ground that, since the plaintiff does not allege there is any difference between himself and the highway officials concerning the land embraced within the highway as located by the commissioner, the plaintiff by filing a claim for damages and appealing from the award is estopped to maintain this action.

LETTON, J., concurs in above.