THOMAS G. BOWKER, APPELLANT, v. DRAINAGE DISTRICT, APPELLEE.

FILED JUNE 15, 1918. No. 19979.

Judgment: RES JUDICATA: ASSESSMENT OF DRAINAGE BENEFITS. A judgment is not *res judicata* of a matter not involved and tried in

the action. If it appears from the record that upon an appeal from an assessment for the cost of construction of a drainage system the subject-matter involved and tried was the proportionate share of such cost chargeable against appellant's land, and the original assessment of benefit to appellant's land was not involved nor tried, the fact that the proper proportion of the cost of construction chargeable to the land was miscalled "benefits" will not make the judgment *res judicata* as to benefits.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*C. F. Reavis,* for appellant.

*Kelligar & Ferneau, contra.*

LETTON, J.

This is an appeal from a second supplemental assessment made by the defendant drainage district against the lands owned by the plaintiff within said district. Objections to the appraisement were filed on the ground that in an appeal from the original assessment to the district court it was adjudicated that the total benefits to the same lands by reason of the construction of the drainage improvements were fixed, and that the decree and the benefits so fixed were *res judicata;* that the benefits so adjudged have all been paid to the drainage district; and that the second supplemental assessment is void and without authority in law because it is in excess of said adjudication. The district court found for the drainage district, and the landowner appeals.

Upon the original creation of the drainage district an assessment of benefits was made by the engineer and adopted by the drainage board fixing the benefits at $40 an acre, or $1,600 for 40 acres (except where deductions were made from several tracts by reason of highways). In the assessment to pay the cost of construction, land that had been classified at 100 per cent. was assessed at $7.92 as its proportionate cost of construction. The plaintiff appealed from this assessment.

In the petition on appeal it was said that the report of the engineer of the probable cost "does not of itself form a basis of estimating possible benefits to the several tracts of land included in said district." Objection was also made "because the cost of making the improvement contemplated by the creation of said drainage district is fixed by the engineer as the probable benefits to accrue to the lands in said district, and costs and benefits are substantially made correlative pecuniary equivalents, which is not admissible." Many other objections were made which it is unnecessary to mention here.

The verdict of the jury on that appeal recites that the jury "do find for the drainage district and assess the benefits accruing to the following lands by the construction of the drainage works at the amount set opposite each separate tract of land respectively in the following schedule or description." These amounts are in each instance 65 per cent. of the amount estimated by the engineer as the cost of constructing the work in the original estimate and assessment made by the board. In the judgment it was ordered "that the real estate of said Thomas G. Bowker, plaintiff, be and the same is hereby assessed for benefits for drainage improvements," and the amount is set opposite each tract. Thus it appears that the matter involved and tried was whether Bowker's land had been charged with a disproportionate amount of the cost of construction. The jury found in Bowker's favor, and that an assessment of $7.92 an acre was more than his proportionate share of the original cost of construction.

At the time these proceedings were had the creation of drainage districts was a new thing in Nebraska, and the methods of procedure by such bodies were evidently not very well understood by counsel. In the petition on appeal and in the formal verdict prepared for the jury, the assessment of benefits and the costs of the improvement were confused, and the costs were spoken of as benefits. On appeal to this court (*Drainage District v.*

*Bowker*, 89 Neb. 230) the same confusion of language took place. There is nothing to show that the jury considered the amount of the benefits which the land would ultimately receive when the improvement was made. The jury evidently considered that the estimate made by the drainage board was too high as compared with other lands, and reduced the same to the extent of 35 per cent. The supplemental assessment involved here was based upon 65 per cent. of the original assessment of benefits. It is not contended that the amount of the proposed supplemental assessment is not required for the legitimate purposes of the district.

The real question presented here is whether a judgment which uses a misnomer for the matter involved and which was actually tried and determined is a bar as to the matter for which the misnomer is the proper designation. In other words, does a judgment which ostensibly assesses benefits, but which as a matter of fact only ascertains the comparative cost of construction, prevent a court in a later action from ascertaining the real matter tried and determined?

If we should hold as the plaintiff desires, the effect would be to relieve him from his proportionate share of the burden imposed upon all landowners within the drainage district, on account of an erroneous use of language made in the first place by his counsel, and overlooked and followed by counsel for the drainage district and the district court. Under such circumstances we believe it our duty to consider the substance, the real issue tried, and to hold that the former proceedings do not constitute a bar to later necessary assessments by the drainage board within 65 per cent. of the benefits as found and ascertained in the original assessment by that body.

The judgment of the district court is therefore

AFFIRMED.

CORNISH and HAMER, JJ., not sitting.