## WM. DAVIE v. J. P. TERRILL.

(Case No. 5040.)

1. EVIDENCE.— It is not requisite to authorize testimony to a fact that the witness should have a positive recollection that it existed, to the exclusion of all doubt.
2. SAME.— A witness who has no positive recollection of a fact testified about, and who is yet satisfied, from circumstances which he does remember, that a fact existed, should be allowed to detail those circumstances. If his deduction from the circumstances detailed seems unreasonable, the evidence may be excluded; otherwise it should go to the jury, who are to weigh and judge.

APPEAL from Denton. Tried below before the Hon. C. C. Potter.

This was an action of trespass to try title brought in the district court of Denton county, Texas, by the appellant, Wm. Davie, against appellee J. P. Terrill, to recover a tract of four hundred and three acres of land, being the Wm. Gaffield survey in Denton county, Texas.

At the spring term, 1883, of said court, trial of the case was had. Upon the trial the common source of title of appellant and appellee was proved to be in J. A. Hendrick. Appellant introduced a deed to the land in controversy from J. A. Hendrick to Susan A. Caldwell, dated March 19, 1868.

Appellant then introduced copy of judgment, execution and return thereon in case of Wm. Davie & Co. v. W. S. Caldwell, from the justice court of precinct No. 1, Anderson county, Texas, judgment rendered in 1876, the return on the execution showing that the land in controversy was levied on by W. F. Eagan, sheriff of Denton county, Texas, on the 28th day of March, 1877, and the executions were returned for want of time to advertise and sell the land before the expiration of the writ; the judgment, execution, and all proceedings thereunder being regular and without objection. Appellant proved the loss of the order of sale, *venditioni exponas*, that is, the search was made in the office of the proper custodian of the order, and it could nowhere be found.

He also proposed to show the existence of the order of sale by deposition of T. J. Williams and Sheriff W. F. Eagan. Williams was the attorney of Wm. Davie & Co. in the suit in Anderson county, and he testified that he had no doubt but that he had got out the writ of *venditioni exponas* and forwarded it to P. J. Mullen, the attorney of Wm. Davie & Co., managing the sale of the land in Denton county, Texas, detailing circumstances referred to in the opinion.

This part of the deposition was objected to in the trial of the case by appellee, and the objection sustained and testimony stricken out. The same character of testimony, being the best recollection of witness as to the existence of this order of sale, was objected to by appellee in the deposition of W. F. Eagan, and objection sustained and testimony stricken out. Appellant then offered in evidence sheriff's deed to the land in controversy, conveying same to appellant, which recited the sale being made by virtue of order of sale. Appellee objected, and the court sustained the objection and refused to admit the deed.

Appellant then offered the deposition of Mrs. Susan A. Caldwell, to prove that she was married to W. S. Caldwell, the defendant in execution, in July, 1849, and lived with him until the 27th day of December, 1877.

This testimony was offered for the purpose of showing that, at the time the land was deeded to her, she was the wife of W. S. Caldwell, and it was community property. Appellee objected to the testimony and the court sustained the objection.

The court instructed the jury, verbally, to return a verdict for the appellee.

*Marshall Fulton*, for appellant, on the rejection of the circumstantial evidence, cited: Kinney v. Vinson, 32 Tex., 126; Neill v. Keese, 5 Tex., 23; Wells v. Fairbank, 5 Tex., 582; Cooper v. State, 23 Tex., 331; Thompson v. Toland, 46 Tex., 584–590; 1 Greenl. on Ev., secs. 12, 440; 2 Best on Ev., 512; Abbott's Trial Ev., 745; Ram. on Facts, 21, notes.

On the exclusion of the deed, he cited: Kinney v. Vinson, 32 Tex., 128; Neill v. Keese, 5 Tex., 23; Wells v. Fairbank, 5 Tex., 582; Howard v. North, 5 Tex., 309, 310; Hihn v. Peck, 30 Cal., 288; Blood v. Light, 38 Cal., 649; Den v. Downam, 23 N. J. L., 135; Ellis v. Smith, 10 Ga., 253; Kelley v. Creen, 53 Pa. St., 302; Buckhalter v. Edwards, 16 Ga., 593.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The testimony of the witness Williams, excluded by the court, we think was admissible as narrating circumstances tending to show that the order of sale under which the land in controversy was sold had been sent to the sheriff of Denton county. It is not necessary that a witness should have a positive or full recollection of the facts to which he testifies, or that he

should speak with such certainty as to exclude all doubt in his mind. 1 Greenl. on Ev., § 440.

He may detail circumstances which satisfy his mind of the existence of a fact, and they should be allowed to go to the jury, so that they may draw from them such conclusion as they may deem just and reasonable. If the deduction drawn by the witness from these circumstances is unwarrantable, then the evidence may be excluded; but if they may or may not, under the facts, warrant the conclusion derived from them by the witness, we think that they should be allowed to go to the jury. When resort is had to circumstantial proof, "any fact may be submitted to the jury, provided it can be established by competent means, which affords any fair presumption or inference as to the question in dispute." Wells v. Fairbank, 5 Tex., 585.

The particular fact connected with an old transaction as to which a witness's testimony is sought may have faded from his memory, but other and surrounding or collateral facts, which are remembered, may be so intimately associated with the fact inquired about as to satisfy the witness that it did exist. In such cases it is entirely proper that all these facts should be laid before the jury, together with the deduction drawn from them by the witness, and let them determine as to the sufficiency of the circumstances to establish the main fact. It is more a matter of the sufficiency than of the competency of the evidence.

In this case the non-existence of the order of sale at the time of trial was sufficiently shown by proving that diligent search had been made for it in the place where it should be, but that it could not be found. It was in order, then, to prove that it had existed at the time it was used as authority for the sale under which the plaintiff below claimed.

The witness Williams stated that he had no doubt but that he had forwarded this writ to his associate attorney in Denton county. This he did not state as a positive recollection, but he gave some facts which caused him to come to this conclusion. For instance, he stated his ordinary course of business as a lawyer in such matters; his correspondence with his associate attorney in reference to a levy of executions upon the land, and its sale in satisfaction of the judgments upon which the executions were issued, and other matters of a like character. Whilst all these circumstances taken together satisfied the witness that he had forwarded the writ, they might not have satisfied the jury. Still the court could hardly say that the witness, acquainted as he was with his own habits of

business, was wholly unwarranted in concluding that he had sent the order of sale to Denton county. We think that in such cases the testimony should be received, and the jury allowed to draw their own conclusions, and the court erred in excluding such evidence in the present instance.

For the same reasons the testimony of the sheriff, Eagan, as to his having possession of the order of sale at the time he sold the land should have been admitted. If it was the invariable rule of the officer to have such authority in his possession before attempting to sell property, that he had the writ in question at the time of making the present was not a wholly unwarrantable conclusion on his part. Without intimating any opinion as to the sufficiency of the proof to establish the facts sought to be shown by it, we think that the jury should have had an opportunity of passing upon it, and the court erred in excluding it from their consideration.

Had the testimony of Williams and Eagan been admitted, then the sheriff's deed should also have been admitted, as also the evidence of Mrs. Caldwell as to the existence of the marriage of herself and W. S. Caldwell at the date when the land was deeded to her. If the jury had come to the conclusion that the order of sale had been established, and the sheriff's authority to sell the land thereby shown, then his deed to the purchaser at the sale, if not otherwise objectionable, would be ready for introduction in evidence. This deed admitted, the next link in the chain of appellant's testimony was to show title in W. S. Caldwell at the date of the levy of the execution. As property bought during marriage is presumed to be community property, it became important to show that, at the date of the deed to Mrs. Caldwell, she was married to the defendant in the original execution, W. S. Caldwell, and upon another trial this fact should also be received in evidence.

For the errors already pointed out the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 23, 1885.]