HENRY W. SEXTON *vs.* ADELINE WEAVER.

Hampden. Sept. 22, 1885. — Feb. 27, 1886. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A. was employed by B., who had contracts for building houses for C. and others, to work thereon. A. worked upon the different houses, and B. paid him money from time to time on account of his work generally, but no account was kept of his work on the different houses, and no application of any payment was made for labor on any specific house. B. failed, owing A. a certain sum. *Held*, that the payments by B. to A. should be applied to the earlier items of the account; and that A. could maintain a petition against C., under the Pub. Sts. c. 191, to enforce a lien for so much of his labor as was performed upon C.'s house, and which had not been paid for, but not for such as was upon the houses of others.

It is no objection to the sufficiency of the statement of account of the amount due a person seeking to enforce a mechanic's lien, under the Pub. Sts. c. 191, that it gives the total number of days' labor between two dates named, without specifying the days on which the labor was performed; nor that it does not include all the labor performed by him upon the premises on which the lien is sought to be enforced, with credits for payments admitted to have been made, if it does not include any labor for which payment is not claimed.

If a mechanic works on several houses, at day's wages, and is paid by his employer, from time to time, sums of money on account, the fact that, in filing a lien statement for work done on one of the houses, he incorrectly states the amount due him owing to a mistake on his part of the proper way of appropriating the payments, does not prevent his maintaining a lien, under the Pub. Sts. c. 191, if he does not wilfully and knowingly claim more than is due.

A petition, under the Pub. Sts. c. 191, to enforce a mechanic's lien, brought by one creditor, in which another creditor, who is served with notice thereof, does not appear, and which is prosecuted to judgment for the respondent, is no bar to a petition, subsequently filed, by such other creditor, to enforce a lien upon the same property.

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's lien. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found and ordered judgment for the petitioner; and the respondent alleged exceptions. The facts appear in the opinion.

*J. L. Rice*, for the respondent.

*C. H. Barrows*, for the petitioner.

W. ALLEN, J. The petitioner was employed as a carpenter and foreman, during the year 1883, by one Sheldon, who had contracts for building houses for the respondent and for several other persons. The petitioner worked upon the different houses, and payments were made to him by Sheldon, from time to time, on account of his work generally; but no account was kept of his work on the different houses, and no application of any payment was made for labor on any specific house. About January 1, 1884, Sheldon failed, and the petitioner's last work upon the respondent's house was on January 5. There was then due to him from Sheldon $192. He was to be paid three dollars a day, and he filed his certificate of lien and account of the amount due him for work on the respondent's house for sixty-four days' work, amounting to $192. In fact, he had worked upon the house more than sixty-four days, but only one day after November, and only fourteen days in November; during all the rest of November and December he was doing other work for Sheldon. As the payments by Sheldon to the petitioner were all on general account, and not appropriated, they would be applied to the earlier items, and would show that the petitioner was paid for all the labor he had performed except the last sixty-four days. For so much of that as was upon the respondent's house he would have a lien upon it, but not for such as was upon the houses of others, and not for work on the respondent's house which had been paid for.

The respondent contends that the lien was dissolved by the failure to file a sufficient statement of account of the amount due. The account is general, for sixty-four days' labor from July 31 to January 5, at three dollars a day. The first objection is, that the days on which labor was performed are not specified. The statute requires a "statement of a just and true account of the amount due, with all just credits given." The true amount, and not the items that make it up, is the material thing to be shown, and the items are not important for the purposes of the certificate, as they are in making or creating proof of the account. We cannot hold that, for this cause, the statement is insufficient.

Another objection is, that the statement does not include all the labor that was performed by the petitioner upon the house, with credits for payments admitted to have been made. A sufficient answer is, that it does not include any labor for which payment is not claimed. That the petitioner had performed other labor which had been paid for, is immaterial.

Another ground upon which it is argued that the statement is insufficient is, that it includes about forty days' labor on the respondent's house which had been paid for. This appears to be true, and it would be fatal but for the provision of the statute that the validity of the lien shall not be affected by any inaccuracy in stating the amount due, unless it appears that the person filing the statement has wilfully and knowingly claimed more than is his due. The petitioner apparently claimed the right to apply the payments made to him by Sheldon to the amount due for labor on other houses than the respondent's, and to leave the whole amount unpaid a charge on the respondent's house. That the facts stated in the exceptions show that he had not the right to do so is not conclusive in law that he wilfully and knowingly claimed more than his due; and the statements in the exceptions that the court did not find that the petitioner wilfully and knowingly claimed more than was due, and that the certificate was a just and true account of his labor performed on the respondent's house, with all just credits given, are conclusive that the validity of the lien cannot be affected by the excessive amount claimed.

The respondent, in her original answer, sets up that one Beston had filed a petition in the Superior Court for a lien upon the same property, and that this petitioner had been duly notified of the filing of that petition. At a subsequent term the respondent, by leave of court, filed a supplemental answer, that the respondent, on June 19, 1885, after the filing of her former answer, recovered judgment in the suit of Beston that the petition be dismissed. The petition of Beston was filed on February 4, returnable at the March term. This petitioner did not appear in that suit, but filed his petition on March 24.

So far as the pendency of the former suit was matter in abatement, the decision of the court below would be final; but the pendency of the suit is not alleged in the answer, and is not

relied on in the argument as matter in abatement, but in bar, upon the ground that the statute is to be construed as authorizing but one suit to enforce all kindred liens upon the same property; and that, when a suit to enforce one lien is commenced, all kindred lien creditors are parties to it, and the authority to bring a suit given by the statute is exhausted. Under the supplemental answer, the respondent contends that the petitioner is a party to the suit of Beston, bound by the judgment for the respondent; and that the judgment is properly pleaded. The question which has been argued by the parties, as arising on the pleadings, is whether a suit commenced by one creditor to enforce a lien, and prosecuted to judgment for the respondent, in which another creditor, who is served with notice, does not appear, is a bar to a suit by such other creditor.

The statute provides (Pub. Sts. *c.* 191, § 9,) that, "unless a suit for enforcing the lien is commenced within ninety days after the person desiring to avail himself thereof ceases to labor on or to furnish labor or materials for the building or structure, the lien shall be dissolved." Sections 16–18 provide for notice of the filing of the petition to the owner of the building and the debtor, and to all other creditors who have a lien of the same kind upon the same estate. Section 19 provides that every creditor having a lien under the statute upon the property may appear and prove his claim.

The argument for the petitioner is, that the statute gives to each creditor the right to bring a suit to preserve and enforce his lien. The argument for the respondent is, that the statute provides for but one final decree and sale of the property, under which the proceeds are to be distributed among all the creditors, and as, by inference, this must be upon the suit first commenced, it excludes the authority to commence another suit in which a final decree cannot be entered.

The statute provides, when a suit is commenced, for notice to all lien creditors, either personal or by publication; that all such creditors may appear and prove their claims, and that each may contest the claim of every other, and provides for trial by jury; that the court shall "ascertain and determine the amount due to each creditor who has a lien under this chapter upon the property in question;" that claims due, but not payable, shall be

allowed, with a rebate of interest; that if the lien is established in favor of any of the creditors whose claims are presented, a sale of the property shall be ordered; that, if all the claims against the property are ascertained at the time of ordering the sale, the proceeds may be distributed among the creditors to the amount of their debts, or proportionally, if there is not sufficient to pay in full; that, if all claims are not ascertained, the proceeds may be paid into court; that, when circumstances require it, successive orders of distribution may be made; and that, if there is a surplus of the proceeds of the sale after making the payments, it shall be forthwith paid over to the owner of the property. It is further provided that, if the petitioning creditor's suit was commenced before his right of action accrued, or after it was barred, or if he become nonsuit or fail to establish his claim, the suit may be prosecuted by any other creditor having a lien, who at the time of the institution of the suit, or after, could have commenced a like suit on his own claim, and the original petitioner can prove his claim in such suit, if his petition was brought before his right of action accrued.

It is argued from these provisions, that there can be but one sale, and but one decree of sale; that the right of a creditor, who has properly commenced his suit, to prosecute it to a final decree, cannot be defeated by the subsequent suit of another creditor; that the statute intends that all lien creditors shall have the right to come in and take the benefit of the original suit; and that, if such creditor does not come in, he can have no benefit from the decree and sale in such suit, and consequently none from his lien. If all this is assumed, the question is whether all lien creditors are so far parties to the first suit commenced to enforce a lien that they will be bound by a judgment for the respondent in that suit.

The effect of a decree for the petitioner for a sale of the property in a former suit is not in question; nor the right of a respondent to have a suit abated on account of the pendency of a former suit; nor the authority of the court to order a consolidation of actions, or a continuance of a suit until it shall be determined whether a former suit will ripen into a decree for the petitioner, and a sale which can be pleaded against the further prosecution of the suit. The question is, whether a lien creditor,

who has commenced a suit, which has not been abated, to enforce his lien, after a suit has been commenced by another creditor, in which he has not appeared, can maintain his suit after judgment for the respondent in the former suit.

The terms of the statute seem to give to each creditor a right to bring a suit to preserve, as well as to enforce, his individual lien. The inception of the lien, its preservation, and its enforcement, are all of individual liens. "Any person" shall have a lien. "The lien shall be dissolved, unless the person desiring to avail himself thereof" shall file a statement, &c.; "unless a suit for enforcing the lien is commenced within ninety days after the person desiring to avail himself thereof cease to labor," &c. Any number of persons having similar liens "may join in the same petition for their respective liens; and the same proceedings shall be had in regard to the rights of each petitioner, and the respondent may defend as to each petitioner, as if he had severally petitioned for his individual lien." These provisions clearly give the right to each creditor to bring a suit for the enforcement of his lien, and to prevent it from being dissolved. But this right is obviously insufficient to give him the benefit of his lien when there are several creditors, because there cannot be several sales of the property, and there is no provision for applying the proceeds to other liens than those held by the parties to the suit in which the sale is ordered. For this reason, the subsequent provisions of the statute, which we have already considered, authorize and invite all creditors to become parties to, and share in the benefits of, the first suit which is commenced by any creditor, and take away, in general, the necessity and the inducement to commence separate suits, but it would do violence to the language of the statute, to hold that they take away the right to commence separate suits. The statute intends that each creditor shall have the right to preserve his lien by commencing a suit upon it within the ninety days. It provides that his lien shall be dissolved unless a suit is commenced to enforce it within that period. The subsequent provision, which gives him the right to come in, after the ninety days, in a suit commenced by another within that time, ought not to be construed to take from him the right to protect his own lien by commencing a suit; and there seems no reason why, if one creditor, who has commenced

a suit, fails to prove his debt, or to maintain his right to a lien, or to show that he has filed a sufficient statement, another creditor, who has not appeared in that suit, should not avail himself of a pending suit, though subsequently commenced, or should be barred from commencing proceedings to enforce his lien. Each creditor sues for himself alone, and not in behalf of all the creditors, and the proceedings allowing other creditors to come in are engrafted on the individual suits for the benefit of others; they are not obliged to accept the benefit, but can rely upon their individual suits, though they may obtain no benefit from them, unless the first suit should be determined without a decree for a sale. See *Gilson* v. *Emery*, 11 Gray, 430; *Dewing* v. *Wilbraham Congregational Society*, 13 Gray, 414.

If it be objected that all the creditors are notified to appear in each suit, the answer is, that they need not come in and prove their debts except in the first suit. As long as that is kept alive, the parties to it cannot suffer from a subsequent suit, and any creditor who appears in it can prosecute it. By commencing a subsequent separate suit, instead of appearing in the first, the creditor can injure no one but himself. It makes no difference to the owner of the property whether the claim of a particular creditor is contested in one suit or another; and creditors who appear in the former suit can defend their rights under it against the subsequent one. The provision of the statute that costs are in the discretion of the court is a sufficient protection from a legal injury to any party.

For the sole reason that the amount of damages assessed was too large, the entry must be                     *Exceptions sustained.*