MARY L. MURPHY v. E. A. FLEETFORD ET AL.

Decided November 22, 1902.

1.—Evidence—Written Contract—Mistake.

Where the written building contract on which suit was brought contained the words "furnishing lumber," and the contractor contended. that this was a clerical mistake, and was intended for "finishing" lumber, evidence that the contract price was the reasonable value of work done and material furnished was admissible as tending to show such a mistake.

2.—Materialman's Lien—Lumber.

Where the testimony showed that the lumber was delivered on the ground for the building, but some of it was returned, it was error for the court's charge to authorize a foreclosure of a materialman's lien on the building for all the lumber furnished under the building contract, since such lien existed, if at all, only for lumber that went into the building.

Appeal from the District Court of Grayson County. Tried below before Hon. Rice Maxey.

*Williams, Vinson & Moore,* for appellant.

*L. B. Eppstein* and *Don A. Bliss,* for appellees.

FINLEY, CHIEF JUSTICE.—E. A. Fleetford and Burton-Lingo Company brought separate suits against Mrs. Murphy, the first, as contractor, seeking to recover for balance due him for erecting a building, and the second, as lumber dealers, seeking to recover for material furnished, both asserting liens. These two suits were consolidated in the court below, and judgment was against Mrs. Murphy in favor of both plaintiffs, and she appeals.

The main controversy arises on the written contract between Mrs. Murphy and Fleetford, the issue being which of these is personally liable to the Burton-Lingo Company for certain lumber furnished for the erection of said building by said company. The contract entered into between Fleetford and Mrs. Murphy, in stating what Fleetford was to do, among other things states, "all stair work and furnishing lumber," etc. The contention of Fleetford is that the word "furnishing" should be *"finishing."* That in drawing up the contract it was written "furnishing" lumber, instead of "finishing" lumber, as was agreed upon. Mrs. Murphy claims the contract contains the true agreement between the parties. The evidence shows that the lumber about which there is controversy is not finishing lumber, and the evidence conflicts as to whether there was a mistake.

On the issue of mistake appellant, on the trial, offered to introduce testimony to show that the contract price was the reasonable value of the work done and the material furnished for the erection of said building. This the court excluded upon the objection of plaintiffs that it was immaterial and irrelevant, and there was no issue in the case on the question of the reasonable value of the work done and material fur-

nished, as the suit was upon a contract. We think the court erred in excluding the testimony. We understand the rule that where a suit is upon a contract, evidence upon a quantum meruit is not admissible as a basis for recovery. The evidence was not offered to change or vary the terms of the contract, but as a circumstance upon the issue of mistake in the contract as written. Of course such testimony would not be relevant to change or vary the terms of the contract, but in determining whether or not the contract expressed the true agreement of the parties,—where, as in this case, it is attempted to show that there was a mistake in reducing the contract to writing,—it would be relevant. Campian v. Moran, 31 Mich., 280.

The third error assigned is: "The court erred in the second paragraph of the general charge to the jury, which, in effect, told the jury that they might return a verdict for the Burton-Lingo Company for all the lumber sold by said company to defendant, whether said lumber went into defendant's building or not, and that they might foreclose the materialman's lien on defendant's property for all of said lumber, and in refusing the defendant's special charge number 3 to the effect that the jury could only find a verdict for said company for the price of the lumber actually used in the construction of said building, because the evidence showed that all of the lumber charged to the defendant and sued for by said company was not actually used in the construction of said building." The special charge asked is: "If you find for the plaintiff, Burton-Lingo Company, against the defendant, you can only allow said company for the price of the lumber that the evidence shows was actually used in the construction of defendant's building, with interest at the rate of 6 per cent after January 1, 1899." The court charged the jury in effect as complained of, which we think was error. The testimony shows that the lumber in Lingo's bill was delivered on the ground, but some of it was returned. It is not shown how much of it went into the building. Lingo's lien existed, if at all, only for the lumber that went into the building.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*