CROWELL LUMBER & GRAIN COMPANY, APPELLEE, V. RYAN COMPANY, APPELLANT: HERMAN HOLSTEN ET. AL., APPELLEES.

FILED APRIL 21, 1923.   No. 22293.

1. **Mechanics' Lien:** STATEMENT. A mechanics' lien statement is sufficient if the itemized account of materials furnished or labor performed and the affidavit attached thereto, when construed together, comply with the statute.

2. ———: EVIDENCE. Where labor and materials are contracted for use in a proposed building and delivered in pursuance of such contract and used in erecting such building, which is completed, and the prices charged therefor are fair and reasonable, and there is no testimony tending to raise even a suspicion that the materials therefor were elsewhere obtained or that those contracted for were not used therein, the seller is entitled to a mechanic's lien therefor.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed as modified.*

*Baldrige & Saxton,* for appellant.

*Montgomery, Hall & Young, Beach Hinman, Dolezal, Spear & Mapes, Joseph E. Daly* and *E. L. Mahlin, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH and GOOD JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

Action by plaintiff, together with cross-petitions by various defendants, to foreclose mechanics' liens. From

a decree of foreclosure defendant Ryan Company has appealed.

Herman Holsten, defendant, was the record owner of certain lots in Dodge, Nebraska, and defendant Ryan Company and Geo. W. Ryan, were the owners under contract of purchase. On or about May 1, 1919, Ryan Company entered into a written contract with defendant August A. Wunderling, by the terms of which Wunderling was to superintend the construction of a building located on said premises, and Wunderling thereafter carried out said contract and erected said building. Plaintiff entered into a contract for the furnishing of lumber and materials and did furnish certain lumber and materials. Wunderling contracted, as agent for Ryan Company, with the other defendants to furnish labor, materials and fixtures for the building. Plaintiff and the other defendants, except Holsten, filed and recorded mechanics' liens for alleged unpaid balances due them. The court found there was due Herman Holsten an unpaid purchase price of $1,809.49 and that same constituted a first lien upon the premises; that plaintiff and defendants were entitled to a lien upon said premises in the following amounts: To the plaintiff the sum of $15,086.05; Wright Electrical Construction Company, $875.62; Fremont Furnace and Metal Works, $820.75; Ryland H. Fletcher, $2,866.25; August A Wunderling $3,866.24; J. C. Nitz, $77.85, and that said parties were holders of mechanics' liens of equal priority and were entitled to a second lien on said premises.

The appellant alleges the liens, or some of them, are defective, in that they did not set out the dates when materials were furnished and that the prices charged therein were fair and reasonable. The affidavit and the account of items for materials furnished and labor performed, when construed together, substantially comply with the statutes. *Drexell v. Richards*, 50 Neb. 509. The reasonableness of the charges is a matter of evidence.

The next error alleged is that the evidence was insuf-

Crowell Lumber & Grain Co. v. Ryan Co.

ficient to establish the liens. The evidence established that the labor and materials were contracted for use in the proposed building; that they were delivered in pursuance thereof and used in erecting the building, which was completed, and that the prices charged therefor were fair and reasonable. No evidence was offered by appellant to offset this, but on the contrary the contractor, who was its agent, testified to it as a fact. There was no testimony tending to raise even a suspicion that the materials therefor were elsewhere obtained or that those contracted for were not used therein. This proof was sufficient. *Seattle Lumber Co. v. Sweeney,* 43 Wash. 1; *Rice & Floyd v. Hodge Bros.,* 26 Kan. 164. There is one exception to this proof however. The electric light fixtures to the amount of $421 contained in the lien of Wright Electrical Construction Company were not delivered at nor placed in the building, but were ordered withheld by the owner, and the fixtures are still held by Wright Electrical Construction Company. Under these circumstances we think the fixtures were not furnished within the purview of the statute and such item should be disallowed.

It is alleged by appellant that certain items were improperly allowed. Section 3207, Comp. St. 1922, provides:

"Any person who shall perform any labor or furnish any material or machinery or fixtures, including gas and electric apparatus and lighting fixtures, whether detachable or undetachable, for the construction or erection * * * * of any * * * building * * * by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such * * * building * * * and the lot of land upon which the same shall stand."

The mechanics' lien statute has been held to be remedial and should be liberally construed. *Owen v. Chicago, B. & Q. R. Co.,* 86 Neb. 851. Fine distinctions

sometimes arise as to whether material is furnished in the construction of a building as a tool or machine as part of the equipment of the contractor, or is used and consumed so as to entitle the furnisher to a lien on the building for its value. The question to be determined is whether the materials are to be regarded as practically consumed in the process of the work or whether they are to be regarded as becoming part of the equipment of the contractor; a distinction being made between tools and machinery and instrumentalities constituting part of the equipment and other supplies which, although used by the contractor merely for the purpose of facilitating his work, are consumed or mutilated so as to be of little or no value for future undertakings. See note 36 L. R. A. n. s. 866.

The complaint of the appellant that certain items allowed as freight, war tax, demurrage and handling charges, is without merit, as it is shown that those items were merely a part of the cost price of materials which went into the building. It is immaterial what items of cost are considered, provided the prices charged for the article delivered were the fair and reasonable market value of the materials involved. *Barker & Stewart Lumber Co. v. Marathon Paper Mills Co.* 146 Wis. 12.

A claim for cement sacks not returned was a proper charge, as no showing was made that the sacks had been charged for in the first instance. *Snell v. Payne,* 115 Cal. 218.

Three ladder items are objected to, but there is no showing that they did not constitute a part of the building.

By the agreement between Wunderling and the owner, Wunderling was to employ men and secure liability insurance to protect the risk. Premiums on liability insurance in pursuance of this contract were proper items of lien.

A quantity of coal amounting to $99.80 was furnished in heating and drying the building. It was shown that

this was necessary in the construction of the building and was one of the items entering into its erection and was therefore allowable. *Johnson v. Starrett,* 127 Minn. 138.

On the other hand, the following items in the account of J. C. Nitz, to wit, shovel handles, pair gloves, tape, rope, one dozen files, legal cap, box matches, pulley with hook, hammer, brush, sand-screen, lamp chimney, one saw file, in a total amount of $17.40, should be disallowed. The plaintiff below also admits that an item of $1.35 for corn furnished should be disallowed.

The decree of the district court is therefore modified by striking out the allowance of the following items: Crowell Lumber & Grain Company, corn furnished, $1.35; Wright Electrical Construction Company, fixtures furnished, $421 and J. C. Nitz, $17.40. As thus modified the decree is affirmed.

AFFIRMED AS MODIFIED.