ROSEBUD LUMBER AND COAL COMPANY, A CORPORATION, APPELLANT, V. FRANK P. HOLMS ET AL., APPELLEES.

53 N. W. 2d 82

Filed May 2, 1952. No. 33104.

*Patrick J. Heaton* and *Harold E. Connors*, for appellant.

*Kepler & Knicely*, and *Martin & Davis*, for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The defendants' motion for rehearing attacked that part of the opinion holding that the evidence introduced by the plaintiff showing the prices charged for the materials claimed to have been furnished established prima facie the reasonable cost of the materials. alleged to have been furnished, for the reason that this in effect holds that evidence of prices charged establishes prima facie value of the materials claimed to have been furnished. With reference to the testimony on this phase of the case we call attention to the original opinion.

The cases of Byrd v. Cochran, 39 Neb. 109, 58 N. W. 127, Crowell Lumber & Grain Co. v. Ryan Co., 110 Neb. 225, 193 N. W. 609, and text authorities cited and relied upon by defendants in their motion for rehearing are distinguishable and cannot control the situation presented.

The original opinion did not cite authorities on the proposition complained of by defendants. We deem the following rule sustained by the authorities now cited sufficient to meet the objection of the defendants as set forth in their motion for rehearing.

Under Chapter 52, article 1, Mechanics' Liens, sec-

tions 52-101 to 52-120 inclusive, R. S. 1943, and more specifically sections 52-101, 52-102, and 52-103, R. S. 1943, relating to mechanics' liens, an owner may not be compelled to pay more than the reasonable value of labor or materials furnished, and is not bound by the agreed prices between the contractor and the lien claimant, but such agreed prices may be taken as prima facie correct.

The foregoing is the general rule sustained by the leading cases of Lanier v. Lovett, 25 Ariz. 54, 213 P. 391, cited in 40 C. J., Mechanics' Liens, § 317, p. 257, wherein cases are cited from Arizona, California, Colorado, Oregon, and Pennsylvania. In the cited text, it is said: "* * * under statutes conforming strictly to the direct lien or Pennsylvania system, (which is like our own), the lien of a person other than the principal contractor is limited to the reasonable value of what was done and furnished, regardless of the price agreed upon between claimant and the contractor; but this rule does not apply to a person contracting directly with the owner; and even where, under the statutes, the value or the reasonable value of the labor or materials is the measure of the amount of the lien, yet where a price has been agreed upon by contract, such agreed value is sometimes deemed to be, at least prima facie, the value or reasonable value."

In 40 C. J., Mechanics' Liens, § 651, p. 460, the following is stated: "Where under the statute the owner can be held only for the reasonable value of labor and material furnished to the contractor, the burden of proving such reasonable value when controverted rests upon the materialman or subcontractor. However, the contract price may be prima facie evidence of the reasonable value."

In 57 C. J. S., Mechanics' Liens, § 174, p. 725, it is said: "However, in jurisdictions where the measure and extent of the amount of the lien of a claimant other than the original contractor is the value or reasonable value

of the labor or material furnished, the price fixed in the contract between claimant and the contractor is not controlling in fixing the amount of the lien, although such contract price is sometimes deemed to be, at least prima facie, the value or reasonable value within the meaning of the rule obtaining in such jurisdictions, * * *." See, also, 40 C. J., Mechanics' Liens, § 319, p. 258; 57 C. J. S., Mechanics' Liens, § 173, p. 722; 36 Am. Jur., Mechanics' Liens, § 150, p. 103; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50, 40 S. W. 118, 60 Am. S. R. 544.

In the afore-cited authorities we have announced the rule that is applicable in this state to the objection made by the defendants in their motion for rehearing.

Motion for rehearing is denied.