**HOUSTON FIRE and CASUALTY INSUR-ANCE COMPANY, Appellant,**

v.

**Walter HALES, Appellee.**

**No. 3155.**

Court of Civil Appeals of Texas.

Eastland.

April 29, 1955.

Rehearing Denied June 3, 1955.

in Sweetwater, Texas under a painting subcontract. It was alleged that to secure the performance of the contract, Marshall, as principal, and Houston Fire and Casualty Insurance Company, as surety, executed a bond in which the general contractor, Ramey Construction Company, and all materialmen and laborers were named as obligees; that the condition of the bond was that Marshall would faithfully perform his contract and would pay all bills for labor and material furnished on said job.

R. A. Ramey, d/b/a Ramey Construction Company, intervened against Marshall and Houston Fire and Casualty Insurance Company and Marshall thereafter filed a cross action against Ramey.

The trial was before a jury, and judgment, based upon its verdict, was entered in favor of Walter Hales against C. E. Marshall and Houston Fire and Casualty Insurance Company for $6,558.23. C. E. Marshall was granted judgment on his cross action against Ramey. Houston Fire and Casualty Insurance Company has brought this appeal. Marshall has not appealed from the judgment against him. The appeal of Ramey is in a separate proceeding and is not here before the court.

The execution of the bond by Marshall and appellant Houston Fire and Casualty Insurance Company was proved and the bond introduced in evidence. It provides as follows:

Cantey, Hanger, Johnson, Scarborough & Gooch, Settle & Settle, Ft. Worth, for appellant.

Gene L. Dulaney, Snyder, for appellee.

COLLINGS, Justice.

Walter Hales, d/b/a Walter Hales Lumber & Supply Company, brought this suit against C. E. Marshall and Houston Fire and Casualty Insurance Company for materials furnished by Hales to Marshall and alleged to have been used by Marshall in the painting on a public housing project

"Construction Bond

"Ramey Construction Company, General Contractors, Amarillo, Texas

"The State of Texas } Know All Men By
County of Scurry } These Presents:

"That I, C. E. Marshall, of Snyder, Texas, County of Scurry, and State of Texas, (Hereinafter called 'Principal') as principal, and the Houston Fire and Casualty Insurance Company, a corporation, organized and existing under the laws of the State of Texas, and authorized to transact business in the State of Texas, (here-

inafter called 'surety'), as Surety, are held and firmly bound unto Ramey Construction Company, Amarillo, Potter County, Texas, (hereinafter called 'Obligee') as Obligee, and to such persons, firms, and corporations who may furnish materials for, or perform labor to do all the painting in accordance with plans, specifications and addendum on Housing Project TEX 61–2 at Sweetwater, Texas in the penal sum of Twenty Six Thousand, Eight Hundred Fifteen and 50/100 ($26,815.50) Dollars, lawful money of the United States of America, for the payment of which sum well and truly to be made, the Principal and Surety bind themselves, their heirs, executors, administrators, successors and their assigns, jointly and severally, firmly by these presents.

"Whereas, the Principal has, by means of a written agreement, dated August 1, 1951, entered into a contract with the Obligee for the furnishing of labor and materials to complete the ——— a copy of which agreement is by reference made a part hereof.

"Now, Therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on their part and satisfy all claims, demands, incurred for the same, and shall fully indemnify and save harmless the obligee from all cost and damage which they may suffer by reason of failure so to do, and shall fully reimburse and repay the Obligee all outlay and expenses which the obligee may incur in making good such defaults; and shall promptly make payment to all persons supplying labor and/or material for use in the prosecution of the work provided for in such contract, then this obligation shall be null and void; otherwise, it shall remain in full force and effect.

"Provided, however, that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after twelve months from the day on which the final payment under this contract falls due.

"And Provided, that any alterations which may be made in terms of this contract, or in work to be done under it, or the giving of the obligee of any extensions of time for the performance of the contract, or any other forebearance on the part of either the obligee or the principal to the other shall not in any way release the principal and the surety or either or any of them, their heirs, executors, administrators, successors or assigns, from their liability hereunder, notice to the Surety of any such alterations, extension or forebearance being hereby waived.

"This bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material, or perform any labor for on account of said work, buildings, or improvements, and they and each of them are hereby made obligees hereunder the same as if their own proper names were written herein as such, and they and each of them may sue hereof. This bond is performable in ———."

It was found by the jury in answer to special issue No. 1 that materials of the value of $8,222.88 were furnished by appellee Hales to C. E. Marshall which were "used by" Marshall on Housing Project TEX 61–2 in Sweetwater, Texas. It is admitted that Hales sold such materials to Marshall and that Marshall, at the time of the trial, owed Hales therefor.

A subcontractor's bond for performance of his contract, such as the one here under consideration, must be construed in connection with the building contract. The obligations of the surety arise out of the bond as so construed, and are determined thereby. Employers' Liability Assurance Corporation v. Trane Company, 139 Tex. 388, 163 S.W.2d 398.

By this bond, C. E. Marshall and appellant insurance company became obligated to Ramey Construction Company, the named obligee, and to "persons * * * who may furnish material *for* * * * the painting in accordance with plans * * * on housing project TEX 61–2 at Sweetwater, Texas." A condition of the

obligation material to the questions here involved was that it was null and void only in the event Marshall should "make payment to all persons supplying * * * material *for use* in the prosecution of the work" on the project. The bond further provided that it was made for the use and benefit of all persons or firms *"who may furnish any material * * * for or on account of* said work * * *."* The added emphasis in the above quotations from the bond is ours.

The meaning of the words "for", "for use", and "for or on account of" is the first question for determination. The question is raised in several points by appellant insurance company. It is contended that the court erred in submitting special issue No. 1, which inquired about the value of the material used on the project, and in overruling appellant's motion for an instructed verdict and for judgment non obstante veredicto. It is also contended that the court erred in refusing appellant's requested special issue No. 1 which inquired whether the material was furnished by Hales for the purpose of use on the project. Appellant urges that the condition of its liability as surety under the bond was that a materialman must have furnished materials for the purpose of use on the project; that the undisputed evidence shows that the materials sold by Hales to Marshall were not furnished for the purpose of use on such project, but were furnished on Marshall's general credit; that the question of actual use of the material has no bearing upon the existence of the claimed lien.

In determining the meaning of the terms "for", "for use" and "for or on account of" as used in the bond, it is helpful to examine the construction which has been given similar language in our Texas Statutes providing liens for furnishing labor and material for specified construction or repair jobs and the controlling elements or considerations which enter into or determine the interpretation of such language.

In Big Three Welding Equipment Co., Inc., v. Crutcher, Rolfs, Cummings, Inc., 149 Tex. 204, 229 S.W.2d 600, 603, Judge Smedley states as follows:

"The giving of liens to those who furnish materials and labor for works of improvement or construction, with the according of priorities to those liens, is 'based upon the very just consideration that a person who by his labor or material expended on improvements made on the land of another, under contract, express or implied, that this shall be paid for, thereby increases its value, and ought to the extent of the contract price or value of the thing furnished, to have a lien on the land, of which the improvement becomes a part, to secure payment.' "

Article 5452, Vernon's Ann.Civil Statutes of Texas, provides:

"Any person * * * who may labor or furnish material * * * (a) to erect or repair any house * * *; (b) for the construction or repair of levees * * * (c) or who may furnish any material for the construction or repair or any railroad * * * shall have a lien * * *."

■ Our Supreme Court, in construing the above statute, has held that where a materialman furnishes materials to a builder for a specific construction job it is not required in order to establish a lien that the material should actually enter into the construction; that the lien cannot be defeated in such cases by proof that a part of the material was used for other jobs. W. L. MacAtee & Sons v. House, 137 Tex. 259, 153 S.W.2d 460 (Com. of App. adopted by Sup.Ct.). It appears from the above that the fact that material is furnished to a builder for the purpose of use on a particular job is as a general rule the controlling consideration in determining the materialman's right to a lien under language such as that used in the above statute. However, where the material is not used on the job for which it was fur-

nished but "is turned back" to the material-man, it has been held that there is no lien. Whaley Lumber Co. v. Reliance Brick Co., Tex.Civ.App., 2 S.W.2d 911; Murphy v. Fleetford, 30 Tex.Civ.App. 487, 70 S.W. 989, 29 Tex.Jur. 488. The following cases in passing upon the question of the existence of a lien also refer to the actual use of material in the construction. United States Fidelity & Guaranty Co. v. Thomas, Tex.Civ.App., 156 S.W. 573; Koehler v. Standard Sanitary Mfg. Co., Tex.Civ. App., 230 S.W. 785 (Writ Ref.).

The evidence shows conclusively that Hales did not furnish the material to Marshall for the purpose of use on Project TEX 61-2 in Sweetwater, Texas, in the sense that it was for use on that project only. The evidence does show that the material was furnished for the purpose of use on either Project TEX 61-2 or on another project, to-wit Project TEX 61-1 which Marshall had under contract at the time in Sweetwater. The evidence is undisputed and conclusive that the material was furnished for the purpose of being used on either TEX 61-2 or on the other project which Marshall had there under contract. Marshall testified he bought the materials for the job from Hales; that he was doing both jobs in Sweetwater on which substantially the same type of material was being used; that when the material was bought it was billed to Sweetwater where he was doing the two jobs. Hales testified that the material was billed to Sweetwater; that, although he did not know of his own knowledge where the material went, he knew Marshall had two bonds, and it made no difference to him on which job he used it.

■ We overrule appellant's contention that under the undisputed evidence the material sold by Hale to Marshall was not furnished for use on the project. On the contrary, the undisputed evidence shows a conditional furnishing of materials for use on Project TEX 61-2. We also overrule appellant's contention that under the facts of this case the actual use of the material in the project has no bearing upon the existence of the claimed lien. A conditional furnishing of materials as shown in this case should be held to be within the meaning of the language "for use" or "for or on account of" the work, when it is shown that the materials were actually used on the project. Sexton v. Weaver, 141 Mass. 273, 6 N.E. 367; Rosebud Lumber & Coal Co. v. Holms, 155 Neb. 459, 52 N.W.2d 313, rehearing denied 155 Neb. 688, 53 N.W.2d 82.

It was found by the jury that the materials in question were actually used on Project TEX 61-2. It is contended by appellant that, with certain exceptions, there was no competent evidence to support the finding that such items were used on the project and that the evidence was insufficient to support the submission of the case to the jury. Appellant urges that Marshall, the only witness who testified in regard to the matter, was unable to identify the materials used on the project; that Marshall admitted that when he said that to the best of his recollection certain materials were used on the project he was just guessing or speculating from the dates on the sales tickets.

The evidence shows that the materials were not delivered by Hales on the premises where the construction was being done but that Marshall purchased them at Hales' place of business and carried them to his warehouse in Sweetwater and then carried them to the project, as and when needed. Marshall testified that to the best of his recollection the materials were used on Project TEX 61-2. He admitted on cross examination that it was "a whole lot of guess" and was "speculating." He admitted he "couldn't swear" that particular items went on a particular job but said that he thought they did. He stated that although he "didn't know it definitely," he "thought it went on the job." He testified that about a year and a half before the trial which was about 30 days after the material was furnished and while the matter was fresh on his mind, he had gone over the tickets with Hales and noted on them the items which were used on the project in question. These tickets

were introduced in evidence. Marshall testified that, although he could not swear to it, he thought the items noted were used on the project; that he was fairly sure "that they went in there"; that he "thought he was right"; that the jobs which he had in Sweetwater did not overlap all of the time and that "taking into consideration the dates, the tickets and everything," he felt that the materials in question went on Project TEX 61-2.

■ We cannot agree with appellant's contention to the effect that Marshall's testimony concerning the use of the material on Project TEX 61-2 shows no more than a possibility that the material might have been used and that it was speculative and obviously based upon pure conjecture and guess work; that it has no probative force. The evidence, in our opinion, supports the jury finding that the materials were actually used on the project. It is true that there was some uncertainty, inconsistency and even conflict in Marshall's testimony. The fact, however, that a witness cannot be positive, certain and without doubt about his knowledge or recollection of the facts concerning which he testifies does not necessarily render his testimony inadmissible or without probative force. This is particularly true when his version of the facts is shown to be based upon and reasonably supported by other facts and circumstances within his knowledge. The uncertainty in such cases goes only to the weight of the testimony. 17 Tex.Jur. 345, 346; Simpson v. Brotherton, 62 Tex. 170.

Under the circumstances in this case, it is obvious that it would have been most difficult for Marshall or anyone in his position to have a definite, positive and certain memory concerning the use of each separate item of material. We feel, however, that the effect of his testimony as a whole was that the material was used on the project. It is true that the belief which he expressed was not positive and certain but it was supported by the notations on the tickets made by him at a time not long after the use of the material

when his memory on the subject was better, and upon a consideration by him of the dates on the tickets and his knowledge of the progress of the job. The testimony under these circumstances was, in our opinion, sufficient to raise a fact question for the jury. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561; Davie v. Terrill, 63 Tex. 105.

■ The court's charge contained the following instruction:

"By the term 'Project TEX 61-2,' as used throughout this charge, is meant 76 unit construction and the administration building."

Appellant duly objected and excepted to the above instruction and urges as one of its points on this appeal that the court erred in instructing the jury that the administration building was a part of TEX 61-2. Appellant contends that under the undisputed evidence the administration building was under a separate contract and was, therefore, not covered by the bond issued by appellant as surety. In our opinion, this contention is not well taken and should be overruled.

It is urged that the case was tried on the theory that the administration building was not a part of TEX 61-2. That the case was not so tried is shown by the fact that the court instructed the jury that the administration building was a part of the project. Questions by the attorneys and testimony of witnesses indicating that the administration building was not a part of the project were, under the record, conclusions and are not controlling. The question is determined by a consideration of the terms of the contract between the parties and the bond.

Marshall, by written contract with Ramey, dated August 1, 1951, obligated himself to furnish the labor and material for the paint on Project TEX 61-2 in accordance with plans and specifications prepared by the architect on the job for a consideration of $26,815.50. The administration building was not included in the original plans and specifications. The plans and specifi-

cations did provide, however, that the housing authority might make changes in the work by alterations or additions without affecting the validity of the guaranty bonds, and that all of such work should be executed under the conditions of the original contract. On November 26, 1951, the housing authority of the City of Sweetwater issued a change order in connection with Project TEX 61–2 providing that the project should include the construction of the administration building in question. The record shows that Ramey accepted the change order and contracted with Marshall to do the painting on the administration building for the sum of $1,600. Although this contract on the administration building was entered into about six months after the original contract for the painting on the project and after the execution of the bond, it was contemplated by, within the terms and became a part of the original contract between the parties, dated August 1, 1951. The condition of the bond sued upon was that Marshall would perform his contract dated August 1, 1951 with Ramey and satisfy all claims and demands incurred for the same, and promptly pay all persons supplying labor or materials for use in the prosecution of the work. It further provided that any alterations which might be made in the terms of the contract or the work to be done under it should not release the surety.

It, therefore, appears that the terms of the original contract between Ramey and Marshall, together with the plans and specifications which were made a part thereof, contemplated additions to the work when ordered by the housing authority. The bond executed by appellant insurance company by its terms also contemplated additions to the project. The housing authority ordered the addition of the administration building which was accepted by Ramey and he contracted with Marshall to do the painting. Such an addition was contemplated by the original contract and by the bond executed by appellant insurance company. The work was done in a manner provided for, in accordance with and within the terms and contemplation of the contract and bond. The court did not err in instructing the jury that the administration building was a part of Project TEX 61–2.

The judgment of the trial court is affirmed.