CRANE RENTAL, INC., APPELLANT, V. HUNNICUTT LAND CO., APPELLEE.

352 N.W.2d 888

Filed August 3, 1984.    No. 83-316.

Adams, Carstenson, Owens & Jones, for appellant.

Gerald D. Warren of Whitney, Newman, Mersch & Otto, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

GRANT, J.

Plaintiff, Crane Rental, Inc., brought this action to enforce a mechanic's lien for the rental value of equipment rented to a general contractor and used in performing work on a farm owned by defendant, Hunnicutt Land Co. (Hunnicutt), and at other locations. After trial the court found in favor of Hunnicutt and dismissed plaintiff's petition. Plaintiff timely appealed from the trial court's denial of plaintiff's motion for new trial. On appeal plaintiff assigns two errors, that the trial court erred (1) in finding that the plaintiff must prove the reasonable rental for the period of actual use, and (2) in finding that plaintiff had failed to prove the reasonable rental value of the rented equipment. For the reasons hereinafter set out we affirm.

In this case plaintiff's lien was filed January 25, 1980, for work allegedly done on Hunnicutt's farm from August 25 to October 4, 1979. The case, therefore, is controlled by the provisions of Neb. Rev. Stat. §§ 52-101 et seq. (Reissue 1978), as those statutes existed prior to January 1, 1982, when the current Nebraska Construction Lien Act (Neb. Rev. Stat. §§ 52-125 to 52-159 (Cum. Supp. 1982)) became effective.

The scope of our review in such mechanic's lien cases was set out in *Senften v. Church of the Nazarene*, 214 Neb. 708, 710, 335 N.W.2d 753, 756 (1983), as follows: "A mechanic's lien foreclosure is to be considered by the Supreme Court on appeal de novo on the record, giving credit to the fact that the trial

court observed the witnesses and their manner of testifying."

Uncontradicted evidence shows plaintiff was a corporation engaged in renting cranes for various heavy lifting jobs, primarily for building and modifying grain elevators and related equipment for farmers and commercial elevators. In early 1979, in the Grand Island, Nebraska, area, plaintiff entered into three rental contracts with Construction Enterprises, Inc., hereinafter called the general contractor. In 1979 the general contractor basically had four contracts. One of the "basic contracts" was with Hunnicutt to do certain modification work on Hunnicutt's grain handling equipment at the Hunnicutt farm. This work was set out in two written contracts, one dated April 10 and one May 31, 1979. On June 25, 1979, the general contractor rented a crane and jib from plaintiff for 1 month. The monthly rental and expenses were $2,157.85, and the rental ended on July 25, 1979. The rental for this month was paid in advance by the general contractor to plaintiff. On July 25, 1979, a new rental agreement was signed for a period ending on August 25, at a price of $2,305.85. This amount was also paid by the general contractor to plaintiff. During this period of time, the rented crane was apparently used on the Hunnicutt job and on other jobs that the general contractor had.

The general contractor testified that between August 25 and October 4, when the crane was returned to the plaintiff, the rented crane was at the Hunnicutt farm every day, except 1 day when it was used by the contractor at another of his "basic contracts"—the Hansen farm. During this same period of time, Hunnicutt's president, Gerald Hunnicutt, testified that after August 25 and up to approximately September 19, 1979, or later, the rented crane was only on the premises for about 1 week and that during that time the general contractor had taken the rented crane elsewhere.

Gerald Hunnicutt's son, Ronald, lived on the site where the modification work was being done by the general contractor. He testified that both the general contractor and the rented crane were gone for 10 days to 2 weeks during the same period of time. Both Ronald and Gerald Hunnicutt testified that from the beginning of the job the general contractor had been offered

the free use of Hunnicutt's tractor and loader. All parties agreed that another crane, larger than the rented crane in question and hereinafter called the Lacey crane, was present at times at the jobsite. The general contractor testified he had rented the Lacey crane also, but that both cranes were needed. The Hunnicutts testified that only the larger, Lacey crane was necessary because the rented crane was too small to do all the necessary work that could be done by the larger Lacey crane, and the tractor-loader could do all the work needed to be done by the rented, smaller crane.

On October 4, 1979, the general contractor returned the rented crane to plaintiff. At the time of the return the general contractor wrote on the invoice "Gereld [sic] Hunnicutt Giltner Nebr." The next day, plaintiff calculated that the crane had been rented for $1^7/_{20}$ months (between August 25 and October 4, 1979), and billed out this rental at $3,038.24. This amount was never paid to plaintiff.

Based on these facts, plaintiff contends that when the contract between plaintiff and the general contractor is received in evidence, the plaintiff has established a prima facie case. That is indeed the law. As stated in *Rosebud Lumber and Coal Company v. Holms*, 155 Neb. 688, 689, 53 N.W.2d 82, 83 (1952), "an owner may not be compelled to pay more than the reasonable value of labor or materials furnished, and is not bound by the agreed prices between the contractor and the lien claimant, but such agreed prices may be taken as prima facie correct." See, also, *Senften v. Church of the Nazarene*, 214 Neb. 708, 335 N.W.2d 753 (1983).

In the instant case we may assume that plaintiff established a prima facie case. The disagreement between the parties, however, goes beyond the rental price agreed to between the plaintiff and the general contractor. By plaintiff's own evidence the equipment was originally rented for more than the job at Hunnicutt's, and was used at three other jobs, none of which was ever completed by the general contractor. Plaintiff also admits that the equipment was used for at least 1 day at another jobsite during the period which plaintiff claims its equipment was rented for use at Hunnicutt's farm. Hunnicutt presents evidence that the crane and the general contractor were gone

from the Hunnicutt jobsite for 10 days to 3 weeks during the contract time period of August 25 to October 4, 1979. The trial court found generally in favor of defendant, and therefore determined this issue against plaintiff.

The trial court was correct in holding that, in the particular circumstances of this case, the plaintiff had the burden of proving both the rental price and the time of actual use of the equipment at the Hunnicutt farm. The equipment was originally rented by the general contractor for use on four jobsites. Three of those jobs were never completed by the contractor and, by plaintiff's own evidence, the equipment was used at one job other than defendant's during the time in question. Hunnicutt presented evidence that the equipment was gone from the Hunnicutt farm up to 3 weeks during the time from August 25 to October 4, 1979. In those circumstances it becomes part of the plaintiff's burden of proof to show the time actually used at the job in question.

With regard to "standby time," in the same circumstances, another difficult question is presented. If the rented equipment is being used on different jobs, the evidence must show on whose behalf the equipment is standing by. The trial court was correct in determining that plaintiff did not prove the reasonable rental value of the equipment at the Hunnicutt farm. Plaintiff was unfortunate in that the records of the general contractor were lost in the Grand Island tornado of 1980, but, for whatever reasons, plaintiff did not prove its case. The facts were determined against plaintiff, and in our de novo review, when we give appropriate weight to the fact that the trial court observed the witnesses, we cannot say that that determination is not correct. The trial court was not in error, and the judgment is affirmed.

AFFIRMED.